## George E. Hollister v. Isaac A. Brown et al.

*Evidence: Objections to its admission must be stated.* A judgment will not be reversed for rulings upon the admission of evidence which do not affect injuriously the plaintiff in error; nor where the objection as stated is not well founded; other objections, if they exist, will be considered as waived.

*Evidence: Whether rebutting or not.* When the character of evidence, whether it be rebutting or not, depends upon the effect which the jury may give to evidence which it is introduced to rebut, it is not error to admit it, even though its tendency as rebutting evidence is doubtful.

*Tender after suit brought.* Whether in an action for the breach of a contract, and not for a sum certain, a party may tender damages after the commencement of suit under the statute; (Comp. L. § 4,536), *quere.* But when the damages found by the jury, upon proper evidence, exceed the amount of the tender, the evidence is immaterial, and, therefore, it is not error to exclude it.

*Heard July 12. Decided October 5.*

Error to Kalamazoo Circuit.

This is an action of assumpsit brought in the Circuit Court for the County of Kalamazoo, by Isaac A. Brown and William F. Browning against George E. Hollister, upon a special agreement to pay one-half of the expense of erecting a party wall. The defendant pleaded the general issue and gave notice of a tender.

The plaintiffs and defendant were owners of adjoining lots; and the plaintiffs being about to erect a building on their lot, they entered into a verbal agreement by which the defendant undertook to pay to the plaintiffs, (as claimed by them), the reasonable cost of one-half of so much of the division wall as he should use, and as soon as he should use or occupy it. The defendant contended that the first agreement was that he should pay for the cost of so much of the length and height of the wall as he should use above the ground; and that afterward, when he had taken some dirt out of the cellar of his building, he agreed to pay the plaintiffs for one-half of the wall he should use below the first floor of his building. The plaintiffs' building was 80 feet long and two stories high: the defendant's 60 feet long and one story high. The wall was 25½ feet high—1 foot of

stone, 3 feet 10 inches thick—6½ feet of brick 16 inches thick, and 14 feet of brick 1 foot thick.

One of the plaintiffs was sworn as a witness and testified that the defendant did not object to the measurement of the . wall as stated by the plaintiff, but that he did object to the price charged for the work done and materials used, and that in one of their conversations it was proposed to submit to arbitrators the cost of the wall.   Two persons were selected, and a paper was prepared to be submitted to them, which was in the following words:

" Gentlemen—You will decide upon the following specifications:   First the amount of brick in a foot wall 60x14; also, brick wall 60x6½, 16 inches thick; also a stone wall 4x60, average thickness 30 inches; also 60x1 foot, 3 feet 10 inches wide."

" You will set a fair price for brick per 1,000, for stone per perch, and grout per perch, all laid in the wall, upon one undivided half.   You will understand the waste of brick, etc., so as to give me enough to make me whole, without any profit to me above full cost."

The paper was not signed, and it was denied by the defendant that there had been any legal submission to arbitrators of the matters in controversy.   The paper was offered in evidence in connection with the testimony of the plaintiff, and he was permitted to testify that the actual measurement of the dimensions, and amount of the division wall was reduced to writing and fully agreed upon by the plaintiffs and the defendant as being correct; which testimony, in connection with the paper, was offered and submitted as an admission of a fact by the defendant.   It was objected to by the defendant's counsel on the ground that the statement or proposition was made for the purpose of a settlement of controversies then existing which had since become the subject of this suit, and was therefore inadmissible.   The admission of the testimony is one of the alle-

gations of error, which are brought into this Court for review.

The witness was further allowed to testify, under objection, that the persons named as arbitrators proceeded to make a finding as to price without stating the amount, but the defendant expressed his dissatisfaction and did not assent to it. The admission of this testimony is alleged as error.

The evidence on the part of the defendant showed a set off amounting to $54 50, of which one item was $3 for the use of defendants' pump by the plaintiffs. This whole bill was allowed without objection.

The defendant offered to prove a tender, after commencement of suit, of the sum of $185 as damages and costs of suit, which was objected to by the plaintiffs. on the ground, that the suit was brought for the recovery of damages for breach of contract, and not for the recovery of a sum certain, or which might be reduced to a certainty by calculation. The evidence was excluded, and on this, error is assigned.

In the rebutting evidence offered by the plaintiffs they were allowed to show that at the time certain items of stone and water lime, which were included in the defendant's set off, were delivered, that defendant said that he would turn out the stone in payment of his half of the stone wall. The defendants objected that this was not rebutting testimony; but the objection was overruled. The plaintiffs also offered as a part of their rebutting testimony, that the pump, for the use of which the charge of $3 was made, stood on the defendant's land, and was used by plaintiffs in building their store and the division wall. This was objected to, as not rebutting, and for the reason that having once admitted the item, the plaintiffs could not

introduce testimony to dispute it. The evidence was allowed, and error is assigned upon its admission.

The jury found a verdict for the plaintiff for $268 83.

*May & Buck,* for plaintiff in error.

*John W. Breese* for defendants in error.

CHRISTIANCY J.

Had the defendant below objected to the writing, and the evidence of Brown in connection therewith,—offered for the purpose of showing that the amount and dimensions of the wall used by the defendant had been agreed upon by the parties,—on the ground that the paper was not signed by the defendant, and did not purport to speak for him; that it could only be used by the witness as a memorandum, or that it showed upon its face that it was merely the claim of the plaintiffs, presented or to be presented to the contemplated arbitrators, and was therefore repugnant to the offer, which was to show the agreement as an independent fact, etc., "without reference to any adjustment or settlement offered by arbitrators or otherwise," a very different question would have been presented from that arising upon this record. No objection was made to the offered evidence, upon any such ground. The objection was based expressly upon the single and specific ground "that such statement or proposition" (meaning, as we understand the objection, the agreement or admission of the defendant in reference to measurement, as testified to by plaintiff Brown), " was, as appears by the testimony of said witness, made for the purpose of a settlement of controversies then existing between the said parties, and which had since become the subject of this suit."

This being the sole ground of the objection, all others which might have been urged, must be considered as waived.

HOLLISTER v. BROWN ET AL.

We do not think the objection can be sustained upon this ground. The admission of the defendant as to the measurement of the wall, as sworn to by Brown, would seem to have been made *because it was true*, and not with the object or hope of buying peace, or procuring an amicable settlement by admitting more than the facts would warrant. In fact there does not appear to have been any expectation of settling the differences between them by the act and agreement of the parties alone, at the time the admission was made in connection with the proposition to submit to arbitration; and the same admission, according to to the testimony of Brown, had been made before by the defendant, as an independent fact, without reference to any arbitration. There is nothing therefore to indicate that the admission was made upon any condition, tacit or express, that it should not be proved against the defendant, if no settlement or compromise should be made.

It was not claimed that any valid agreement was made between the parties to submit their differences to arbitration. But the plaintiffs were allowed, against defendant's objection, to show the abstract fact that the arbitrators verbally agreed upon, did make a finding as to the price, without stating the amount found by them. This fact was wholly irrelevant and the Court ought to have excluded it. But we are unable to discover how the proof of this isolated fact, having no connection with the controversy, nor calculated in any way to affect the minds of the jury, could possibly have operated to the prejudice of the defendant. Indeed, we think it quite evident that he could not have been injured by it, and that the judgment should not therefore be reversed on this ground.

Nor could the defendant have been prejudiced by the evidence introduced by the plaintiffs, under the claim of rebutting evidence, showing that the charge of three dollars for the use of a pump, embraced in the defendant's claim

of set off, and allowed by the plaintiffs, was for the use of a pump which stood on defendant's land, and used by the plaintiffs and their workmen to draw water for the building of the store of the plaintiffs and the division wall. The defendant's claim of set off for the use of his pump, and for stone and water lime furnished to the plaintiffs, amounting in all to $54 50, had already been admitted by the plaintiffs on the trial to be correct, and was allowed by them in the set off. Whether therefore this evidence was admissible, for the mere purpose of identifying the pump referred to, so as to prevent any future claim for the use of it, or whether it was wholly immaterial or irrelevant, it is unnecessary to decide; since, from the very nature of the case and of the evidence, the defendant could no more have been injured by its introduction, than by evidence of the color of his coat, or the state of the weather on the day of his birth.

The admission of the evidence on the part of the plaintiffs, showing that, at the time of the delivery of the stone and the water lime, by the defendant, he stated that he would turn out the stone in payment for his half of the stone wall, presents a question of less obvious solution. Plaintiff Brown in his testimony in chief, had testified that the contract was to pay for so much of the wall as the defendant should use, and also, to the admission by the defendant of the measurement claimed by the plaintiffs, of the wall as used by the defendant. The defendant had testified that by the original contract he was to pay only for half the cost of so much of the wall as he should use above the ground ; but that he afterward took some dirt out of the cellar of his building, and then agreed further to pay the plaintiffs, one-half the cost of all the wall he should use below the first floor of his building. To rebut this evidence of the defendant, plaintiff Brown was recalled and testified that but one contract was made, and that the terms were not as stated by the defendant.

HOLLISTER v. BROWN ET AL.

Plaintiffs then further to rebut the defendant's testimony offered to prove by Brown that at the time of the delivery of the stone and the water lime, defendant stated that he would turn out the stone for his half of the stone wall. We are inclined to think this evidence might have some slight tendency to rebut that of the defendant (showing a new and different contract from that sworn to by plaintiffs), as it might tend to show recognition by the defendant of an obligation to pay the cost of half of all the wall along which his building should extend as claimed by the plaintiffs. This tendency it is true, would be slight; as he might have intended by "his half of the stone wall," only the half of that along which his cellar was dug. But it would be for the jury to judge of the extent of his meaning and the weight of the rebutting evidence. This evidence was not objectionable on the ground that it should have been introduced by the plaintiffs on their opening; as they relied upon the contract sworn to by the plaintiff Brown, and the admission of the defendant of the measurement, and did not rely, either in their opening or at any time, upon the promise of the defendant to turn out the stone in payment, as a ground of recovery.

The defendant offered to prove that after the commencement of the suit he tendered to the plaintiffs the sum of one hundred and eighty-five dollars as damages and costs of suit then incurred by the plaintiffs.

This was objected to by the plaintiffs and excluded by the Court, on the ground that the suit was brought for the recovery of damages for a breach of contract, and not for a sum certain or which might be reduced to a certainty by calculation.

Had there been any error in any of the other rulings of the Court for which a new trial should be granted, it would be proper to consider this question of tender which might again arise upon such new trial. But as we have

19 MICH.—V.

already determined that no new trial is to be granted on any of the other errors assigned; the case appearing to have been fairly tried, and the jury having found a verdict for the plaintiff for two hundred and sixty eight 83-100 dollars damages beside the costs,—a much larger sum than was tendered by the defendant; it is manifest that the rejection of this evidence of tender of a less sum, whether admissible or not when offered, could not possibly have prejudiced the defendant. The proof of such tender could have had no legitimate tendency to increase or lessen the amount of damages; which the jury have found to be much larger than the sum tendered. If, then, the tender had been proved, the defendant could have derived no benefit from it. The question of tender, therefore, does not properly arise; and we express no opinion upon it. The judgment must be affirmed with costs to the defendants in error.

The other Justices concurred.