## Morgan B. Danielson v. Jewett Dyckman.

*Evidence: Memorandum of clerk on assessment of damages.* In an action to recover the price of goods sold, where the defense is that the claim has been paid by an order on a third person, the memorandum made by the clerk of the court, on the assessment of damages upon a prior default, which had since been opened, is not admissible in evidence to show that the plaintiff had treated the order as his own; the plaintiff was not bound by such memorandum, and it is neither a part of the record nor an official document.

*Evidence: Discretion.* The court may, in its discretion, permit the plaintiff, after the defendant's proofs are in, to give evidence not rebutting in its nature; and this discretion will not be reviewed on error.—*Detroit & Milwaukee R. R. Co. v. Van Steinburg, 17 Mich., 99 ; Hollister v. Brown, 19 Mich., 163.*

*Exception construed.* An exception " to the charge as given, and to each and every part thereof," and to " every line, sentence and paragraph of the same," will not be sustained where any portion of the charge is correct.

*General exception.* An exception "to the charges as given on the request of the plaintiff. and particularly his requests numbered one, two, three, five, six, and seven," and "to the refusals to charge, as requested by the defendant, and each and every one of the same, and particularly his requests numbered two, three, five, six, eight, nine, ten, eleven, and twelve," where several of the plaintiff's requests referred to, were in fact so modified as to be essentially different, if not even favorable to the defendant, and one at least of the defendant's requests referred to was in fact given in substance in the general charge, will not be considered; such an exception is so particular in pointing at every thing, that it specifies nothing, and is about equivalent to a general objection to the judge's charging at all.

*Heard October 30. Decided November 7.*

Error to Kalamazoo Circuit.

26 MICH.—22.

*Arthur Brown* and *A. J. Mills,* for plaintiff in error.

*Dwight May,* for defendant in error.

COOLEY, J.

The action in this case was to recover the price of wheat sold, and which the defendant below, who is plaintiff in error, claimed to have paid by an order on a third person. There had been a default in the case, and an assessment of damages by the court, which was afterwards set aside to permit the defendant to plead. On the trial the defendant offered in evidence the memorandum made by the clerk on the assessment of damages, in order to show that the plaintiff had treated the order as his own; but the court rejected it, and the defendant excepted. We think the ruling correct. The plaintiff was not bound by the clerk's memorandum, and may not even have known of its existence; it was not a paper required to be made and filed in the cause, and consequently could not be evidence as a part of the record; at most it merely showed the clerk's understanding of facts transpiring before him, but with which he had nothing to do except to record on his journal the amount found due. The paper was consequently not an official document.

An exception was also taken on the trial to the plaintiff being permitted to come upon the stand after the defendant's proofs were in, to give evidence not rebutting in its nature. But we have heretofore held that the court in its discretion, may admit such evidence.—*Detroit & Milwaukee R. R. Co. v. Van Steinburg, 17 Mich., 99; Hollister v. Brown, 19 Mich., 163.*

The principal questions discussed on the argument, were based upon exception to the charge of the court. On looking to the exception we find it to be, "to the charge

as given, and to each and every part thereof," and also, "to the charge of the court as given on his own motion, and every line, sentence and paragraph of the same." A party who makes so general an onslaught upon the charge, must be prepared to show that it is as erroneous everywhere as the exception assumes. On looking into the charge, we find that one sentence relates merely to a mathematical calculation, which was assented to by counsel, and another is only a pleasantry, interpolated, doubtless, to relieve the monotony of a discussion of dry questions of law. Finding no error of law in either of these, we must hold that the exception to every line, sentence and paragraph of the charge, is not well taken.

But the exception is also to the charges as given on the request of the plaintiff, and particularly his requests, numbered one, two, three, five, six, and seven, which include all except number four, expressly refused; and also to the refusals to charge as requested by defendant, and each and every one of the same, and particularly his requests, numbered two, three, five, six, eight, nine, ten, eleven, and twelve, which are all not expressly given. An investigation of the charge shows that several of the plaintiff's requests which the exception treats as given, were in fact so modified as to be essentially different, if not even favorable to defendant; and one at least of the defendant's requests, which the exception assumes was refused, was in fact given by being incorporated in the charge written out by the judge. It therefore appears that the exception to that portion of the charge which was given on request of the parties, is, and was meant to be, as general as the other; it is to the whole in general, and particularly to all that was given on request of the plaintiff, however modified, and to all which refused what was requested by defendant, though in part

the refusal was in form only; and the impartiality of the exception is conspicuous, inasmuch as it covers whatever was favorable to the party excepting, as well as what was against him.    The exception is, therefore, so particular in pointing at every thing that it specifies nothing, and seems to be a general objection to the judge charging at all.    The record invites us to search through requests and instructions, occupying fifteen printed pages, for numerous errors which are supposed to be discoverable somewhere, and for which we may stop to question every utterance of the judge.    The search is one we have not felt inclined to enter upon, inasmuch as we think public policy, not less than our established practice, requires us not to notice errors which are of that doubtful character that the party complaining is unable on the trial to distinguish them from what is unquestionably correct.

In *Niles v. Rhodes, 7 Mich., 374,* and *Berry v. Lowe, 10 Mich., 9,* this court sustained assignments of error which grouped together several rulings of the court, and complained in one paragraph of all and each of them.    Those cases go to the very bounds of what can be justified in that direction; but in each of them the party was believed in good faith to have endeavored to point out the particular errors he supposed to exist, and the question presented on his assignments, was one of form merely.    A party may well be excused from the mere repetition of certain formal words, when he is excepting to half a dozen rulings, all of which he complains of; but if only half the rulings are against him, it is obvious that a general objection cannot be treated as a choice of forms to save repetition, since specific exceptions to those in his own favor would be manifestly absurd.    And we are compelled to hold, that the cases referred to are not authority for one where the only

particularity consists in being particular to be general, and the only specification of errors consists in pointing at the whole charge with a declaration that there they are.

It follows from what has been said, that the judgment of the circuit court must stand affirmed.

The other Justices concurred.