<hr />

## HAMLIN VS. HAIGHT.

EXCEPTIONS. (1, 2) *Must be specific.*
CAUSE OF ACTION. (3) *Money had and received.*
PLEADING — JUSTICE'S COURT. (4) *Complaint to be liberally construed. Rule applied.*
NONSUIT. (5) *Error in refusing nonsuit, how cured.*

1. Exceptions to a charge which embraces several legal propositions should be specific, calling the attention of the court to the error complained of; and a general exception "to each and every portion" of such a charge is insufficient, unless the whole charge was erroneous.

2. Eight instructions were asked by the appellant, and the record states that the judge then and there refused "each and every of said in-

Hamlin vs. Haight.

structions and every part thereof, to which rulings and opinions of said judge the defendant did then and there except." And again it states that "counsel for defendant excepted to the refusal of the court to give the written instructions asked for by defendant." *Held*, that the exception was insufficient, unless *all* the instructions asked were correct.

3. A judgment plaintiff who collects from the defendant the whole amount of the judgment, including fees due the sheriff for serving certain writs in the cause, is liable to the officer for such fees, in an action for money had and received, without any express promise, in writing or otherwise, to pay them.

4. In an action in justice's court the *oral* complaint averred that plaintiff, as deputy sheriff, had served a writ of attachment placed in his hands in a certain other action, and that *his* fees therefor were a certain sum; that the present defendant afterwards bought the judgment in said action and assumed to pay the fees; that this plaintiff had returned the execution satisfied by the defendant's order; and that *his* fees for such services (specifying the amount) remained unsatisfied; but it did *not* specifically aver any *assignment* of said fees by the sheriff to the plaintiff. There being no demurrer to the complaint, *Held*, that it must be construed most liberally in favor of the pleader, and the court did not err in admitting proof of such an assignment.

5. Error in refusing a compulsory nonsuit is cured where the necessary evidence to sustain the action is subsequently supplied.

APPEAL from the Circuit Court for *Winnebago* County.

This action was brought before a justice of the peace. The complaint alleges that as deputy sheriff of Winnebago county the plaintiff served a writ of attachment in the suit of one Parker against Harwood and Fry; that his fees for such service were $26.25; that afterwards the defendant purchased the judgment obtained by Parker in such attachment suit, and assumed and agreed to pay such fees; and that the same have not been paid. The complaint further alleges that after the judgment was so purchased by the defendant and assigned to him, he caused execution thereon to be issued and placed in the hands of the plaintiff for service and collection, which execution was subsequently returned satisfied by order of the defendant; and that the plaintiff's fees thereon, which

remain unsatisfied, amount to $24.83. The complaint was oral, and contained no averment that such fees had been assigned by the sheriff of Winnebago county to the plaintiff. The action was for the recovery of such fees.

The answer is a general denial, payment, arbitrament and award as to the fees on the execution, and certain special matter which it is unnecessary to state. Upon the issue thus made there was a trial before the justice, resulting in a judgment for the defendant, from which the plaintiff appealed to the circuit court. The cause was tried in the latter court, and the plaintiff had a verdict and judgment for the amount of his claim. At the commencement of the trial the defendant objected to the admission of any evidence under the complaint, for the alleged reason that it did not state a cause of action ; but the court overruled the objection. The plaintiff introduced testimony tending to prove the allegations of his complaint, and rested his case. The defendant then moved the court to nonsuit the plaintiff, which motion was denied, and thereupon the defendant introduced testimony ·tending to prove the averments contained in his answer. After the defendant had rested the case on his part, the plaintiff was permitted to prove, under objection, that the fees in controversy had been assigned to him by the sheriff.

The court charged the jury at considerable length, and the only exception thereto was taken at the close of the charge, and is thus stated in the bill of exceptions: "Counsel for the defendant excepted to each and every portion of the charge of the court." Before the jury had agreed upon a verdict, they were recalled, and the court gave them some additional instructions; but the record fails to show that these were excepted to.

Eight written instructions were asked on behalf of the defendant, but the court refused to give any one of them. The record in this behalf is as follows: "Each and every of which said instructions, and every part thereof, the said circuit judge

did then and there refuse to give to said jury ; to which said rulings and opinions of said circuit judge, the defendant did then and there except." And again : " Counsel for the defendant excepted to the refusal of the court to give the written instructions asked for by the defendant." The foregoing are believed to be the only exceptions taken to the charge of the court, or to the refusal to charge as prayed by the defendant.

From the judgment rendered against him by the circuit court, the defendant appealed.

*C. Coolbaugh & Son,* for appellant, argued that all fees for serving writs directed to the sheriff belong to him, and not to the deputy (*Mott v. Robbins,* 1 Hill, 21 ; *Addington v. Sexton,* 17 Wis., 327); that the complaint does not show any assignment from the sheriff to the plaintiff, and therefore does not show any cause of action in plaintiff's favor, and "it would be in violation of all well settled rules of practice to permit a party to recove for an entirely different cause of action from that set out in the complaint." *Eilert v. Oshkosh,* 14 Wis., 586-590 ; *Flint v. Jones,* 5 id., 424. They also insisted that there was error in giving and refusing instructions.

*Moses Hooper,* for respondent.

LYON, J. I. The exception taken to the charge of the circuit court is entirely too general to be available to the defendant on this appeal. This court has held repeatedly, "that it would not review the charge of the circuit judge unless his attention was specially called to those portions complained of, when the same was given, so that he might have an opportunity to modify or withdraw the objectionable portions should he deem them incorrect." *Bigelow v. The West Wisconsin R. R. Co.,* 27 Wis., 478, and cases cited. This is a most wise and salutary rule, and one of very general application. In the hurry of jury trials at the circuit it frequently happens that the judge must prepare his charge hastily, and without that opportunity for investigation and deliberation which is usually desirable ; and it

would be in the highest degree unjust to him and to suitors, if an error, often inadvertently committed, and which the judge would have perceived and corrected had his attention been called to it, should be allowed to work a reversal of the judgment. If a party thinks that the judge has charged the jury against the law in any particular, he ought not to be permitted to spring the objection for the first time in the appellate court, but should, by specific exception, give the judge an opportunity to correct the error and thus avoid the necessity of an appeal.

II.  The same principle is applicable to the exceptions taken to the refusals of the circuit court to give the instructions asked for on behalf of the defendant. Those refusals are excepted to generally, and as a whole. If any of the propositions which the court was asked to give, are untenable, the exceptions must necessarily be overruled. That some of them are untenable does not seem to admit of a doubt. Take, for example, the following, which is one of them : "If the jury shall find from the evidence that there is no promise *in writing* by the defendant to pay the plaintiff the fees for serving the writ of attachment in case of *Parker v. Harwood et al.*, claimed by the plaintiff in his first count set forth in the complaint, then it is within the statute of frauds, and the plaintiff cannot recover." If this instruction is correct, then, although the defendant might have collected the judgment against Harwood and Fry, including the fees in controversy (and the testimony tends to show that he had done so), and although the plaintiff was entitled to such fees, still the defendant would be under no legal obligation to pay them over, because he had not promised *in writing* to do so. Of course, under such circumstances, the defendant would be liable to the plaintiff for the fees so received by him, without any express promise, in writing or otherwise, to pay the same over to the plaintiff; and hence the proposed instruction is radically unsound. The action for money had and received was instituted to reach just such a case.

We must hold, therefore, that on this appeal we cannot review the charge of the learned circuit judge, or the proposed instructions which he refused to give to the jury.

III. The only remaining question argued by counsel for the defendant which is deemed worthy of further consideration is, whether evidence that the plaintiff was the owner of the fees in controversy, was admissible under the complaint. It may be conceded that, *prima facie*, fees earned by the plaintiff as deputy sheriff belong to the sheriff and not to the deputy. Furthermore, it is true that the complaint does not expressly aver that such fees were assigned by the sheriff to the plaintiff before the action was commenced, although the fact that such assignment was made is undisputed. Yet the complaint does state, substantially, that the fees belong to the plaintiff. They are referred to in both counts as the "*plaintiff's fees,*" or "*his fees,*" meaning the plaintiff. It may be that on demurrer this would be held an insufficient averment of the plaintiff's ownership of the cause of action. But no demurrer to the complaint was interposed, and this court has held that in such case the pleading should be most liberally construed in favor of the pleader. *Teetshorn v. Hull,* 30 Wis., 162 ; *Hazelton v. Union Bank of Columbus, ante,* p. 34, and cases cited. Besides, this is an oral pleading in a justice's court, and we think it not difficult for "a person of common understanding" to know therefrom that the plaintiff intended to state that he was the owner of the fees which the action was brought to recover. Tay. Stats., 1362, § 51.

We are of the opinion, therefore, that it was not error for the court to receive evidence that the fees were assigned to the plaintiff by the sheriff before this action was commenced.

When the plaintiff rested his case, he had made no proof of such assignment, and in that state of the proofs the motion for a nonsuit should have been granted. But it was in the discretion of the court to allow the assignment to be proved afterwards, and, having done so, the refusal to nonsuit will not work

a reversal of the judgment. *Dodge v. McDonnell,* 14 Wis., 553; *Barton v. Kane,* 17 id., 37.

The judgment of the circuit court must be affirmed.

*By the Court.*— Judgment affirmed.