## BYRON EDGELL v. LEWIS FRANCIS.

[See 66 Mich. 303.]

*Trial—Exceptions to refusal to charge.*

1. An exception to the refusal of the court to give a portion of defendant's requests, "that the court thereupon refused to charge the jury as requested by the defendant, to which refusal defendant excepted," is too indefinite to base an assignment of error upon.

2. For the law of this case, as settled by the former decision, see 66 Mich. 303.

Error to Eaton. (Hooker, J.) Argued April 22, 1891. Decided June 5, 1891.

Case. Defendant brings error. Affirmed. The facts are stated in the opinion, and in the former report of the case, found in 66 Mich. 303.

*H. F., F. A. & H. F. Pennington,* for appellant.

*Huggett & Smith,* for plaintiff.

McGRATH, J. Plaintiff sued defendant, his father-in-law, for enticing away plaintiff's wife and child, and recovered judgment for $101, and defendant appeals.

Eighteen requests were submitted by counsel for defendant to the trial judge, three of which are not relied on, seven are admitted to have been given, five are alleged to have been improperly given, and three to have been refused. Defendant's exception is a general one, in the following language:

"And the court thereupon refused to charge the jury as requested by the defendant, to which refusal defendant excepted."

The assignment of error is as follows:

"The court erred in refusing to charge the jury as requested in and by the defendant's several requests to charge submitted to the court."

It has been frequently held by this Court that a general exception to a charge is insufficient, when the charge covers several distinct matters, and that in such case the exception must point out the specific matter complained of. *Tupper v. Kilduff*, 26 Mich. 394; *Lange v. Kaiser*, 34 Id. 317; *Hopkins Manfg. Co. v. Aurora, etc., Ins. Co.*, 48 Id. 148; *McKay v. Evans*, Id. 597. It has also been held that a single exception to an entire charge, although it is "to each line, part, sentence, and paragraph," will not be considered, if any portion of the charge is correct. *Danielson v. Dyckman*, 26 Mich. 169; *Mandigo v. Mandigo*, Id. 349; *Goodsell v. Seeley*, 46 Id. 623; *McAllister v. Engle*, 52 Id. 56. These cases dispose of these exceptions and the assignment of errors.

Error is assigned upon a remark made by plaintiff's counsel in his argument to the jury as to what was said by this Court when the case was here before, but no exception was taken thereto, and the trial court, at the time and of its own motion, corrected the counsel, and stated that the comments of this Court upon the evidence taken at the former trial had nothing to do with the present trial.

Plaintiff was asked by defendant's counsel if he did not meet his wife at one time when he had a Miss Maud Moyer in the buggy with him, and plaintiff's counsel asked him to explain the circumstances of his riding with Miss Moyer, which he did. There was no error in the admission of this testimony.

Defendant called a witness who testified as to statements made by plaintiff after the separation, and after the first trial of the cause. Upon motion, this testimony

was stricken out, and this is assigned as error; but we have carefully read the testimony, and it does not appear to us that the defendant was prejudiced by the court's action,—indeed, we are at a loss to know why the plaintiff made the motion.

This is the second time that this case has been before this Court, and the other questions raised by the record are disposed of by the rulings of this Court in that case. See 66 Mich. 303.

The judgment is affirmed, with costs to plaintiff.

CHAMPLIN, C. J., LONG and GRANT, JJ., concurred with McGRATH, J.

MORSE, J. I concur because of the decision in this Court when the case was here before, but I cannot do so without expressing my feeling that the rule is most unjust that permits a plaintiff, in such a case as this, to testify to what his wife said to the prejudice of the defendant, her father, and will not permit her, as a witness for the defendant, to dispute such testimony.