FLANNIGAN, Respondent, vs. STAUSS, Appellant.

*February 19—March 19, 1907.*

*Appeal: Exceptions to charge: Sufficiency: Excessive damages: Setting aside verdict: Slander.*

1. An exception to a charge to the jury should challenge the propriety or legal accuracy of some definite proposition therein.
2. A general exception to the whole of a charge which embraces several distinct propositions is not available on appeal.
3. In a tort action for unliquidated damages a verdict will not be set aside on the ground that it is excessive unless the excess is such as to create the belief that the jury was misled by passion, prejudice, or ignorance.
4. A verdict awarding $500 damages for the speaking of slanderous words imputing unchastity to a woman is *held* not so excessive as to make it the duty of the court to set it aside, although there was evidence tending to show that the words were spoken in quarrel.

APPEAL from a judgment of the circuit court for Walworth county: E. B. BELDEN, Circuit Judge. *Affirmed.*

In an action for slander the respondent recovered a verdict for $500 against the appellant in the circuit court for Walworth county and judgment was accordingly entered, from which this appeal is taken.

For the appellant there was a brief by *Nath. Pereles &
Sons,* and oral argument by *B. F. Williams.*

For the respondent there was a brief by *Ryan, Merton &
Newbury,* and oral argument by *M. A. Jacobson.*

TIMLIN, J.   The appellant assigns two errors for which he
contends the judgment should be reversed.

"First. The court erred in its charge to the jury."   This
very general assignment of error is attempted to be supported
by a very general exception as follows: "The above-named
defendant . . . excepts to the judge's charge to the jury in
the above entitled action."   This exception was filed with the
clerk, but is not incorporated in the bill of exceptions other-
wise than by the following recital: "To which instructions
the defendant duly excepted and which exception was in writ-
ing duly filed before the close of said term."   In his motion
for a new trial the only ground specified referring to this
subject was, "Because the court erred in instructing the jury
as indicated by written exceptions on file."

We have taken pains to quote these three several attempts
at exceptions to the instructions because they well illustrate
how assignments of error and exceptions ought not to be taken
if they are intended to be effective.   *Hamlin v. Haight,* 32
Wis. 237; *Thrasher v. Tyack,* 15 Wis. 256; *Corcoran v.
Harran,* 55 Wis. 120, 12 N. W. 468; *Bouck v. Enos,* 61 Wis.
660, 21 N. W. 825; *Bigelow v. West Wis. R. Co.* 27 Wis.
478.   An exception to a charge should challenge the propriety
or legal accuracy of some definite proposition in that charge.
If there be more than one erroneous proposition the safer way
is to file an exception to each.   With due regard for prece-
dent we are consequently unable to examine or review any
part of the instructions in question.

The second assignment of error is as follows: "The court
erred in denying the defendant's motion for a new trial."
The motion for a new trial specified six grounds, but the brief

of appellant states that this assignment of error is based on the ground that the damages awarded by the jury are excessive, and this is the only ground argued in support of that assignment of error. It is conceded that the words charged, if used, were actionable *per se*. There is also some evidence tending to sustain a claim for punitory damages. It is contended, in support of the claim that the damages are excessive, that the evidence shows the respondent to be "a woman extremely common, if not coarse." This is based upon the language alleged to have been used by her toward the appellant. It is well for the human race that female chastity is not peculiar alone to the educated and refined, but was also characteristic of the "common and coarse" mothers of the stout barbarians who laid the foundation of our present system of education and refinement, and who largely by their possession and preservation of this virtue became the master spirits of the world. It is, to say the least, no indication of decadence when the body of our people represented by the jury vigorously resent false and unfounded imputations against female chastity.

It is next contended that the alleged slanderous words were spoken in quarrel and this should have the effect of reducing the punitory damages. No doubt this is a proper consideration in mitigation of damages, but the questions presented to this court are quite different from the ordinary consideration of mitigating circumstances by a jury. It is said in *Donovan v. C. & N. W. R. Co.* 93 Wis. 373, 67 N. W. 721, that in an action for unliquidated damages arising from a tort the court is not at liberty to set aside a verdict on the ground that it is excessive unless the excess is such as to create the belief that the jury have been misled either by passion, prejudice, or ignorance. Applying this test to the verdict in question there is no ground of reversal.

*By the Court.*—The judgment of the circuit court is affirmed.