HAUETER, Respondent, vs. MARTY and another, Appellants.

*September 17—October 8, 1912.*

*Sales: Cheese: Statute regulating: Validity: Evidence: Self-serving memoranda: Trial: Remarks by judge: Instructions to jury: Appeal: Exceptions: Harmless errors.*

1. A remark by the trial judge that he deemed valid a statute which defendant claimed to be unconstitutional, was not prejudicial to defendant, where no testimony was ruled out because of the statute but the case was tried and a special verdict framed as if the statute did not exist, and under the verdict, irrespective of the statute, plaintiff was entitled to recover.

[2. Whether sec. 1670m, Stats. (Laws of 1911, ch. 381), relating to the manner of weighing and paying for cheese purchased at wholesale, is valid, not determined.]

3. A memorandum relating to a sale, made by the vendee in his own interest but not brought to the knowledge of the vendor at the time, is not substantive evidence of the facts, as against the vendor.

4. Where the fact that a check had been sent to plaintiff and returned by him as insufficient was conceded, the exclusion of the check itself when offered in evidence was not error, the mere form of the check being immaterial.

5. A general exception to the entire charge, much of which is unexceptionable, or an omnibus exception to the refusal to give numerous requested instructions, some of which were plainly inapplicable to the issues, is not available on appeal.

6. An instruction to the effect that as to certain questions in a special verdict the burden of proof was on the affirmative, *i. e.* that

the jury should not answer them in the affirmative unless satisfied by a preponderance of the evidence that they should be so answered, and that as to another question the burden was on the negative and the jury should not answer it in the negative unless satisfied by a preponderance of the evidence that it should be so answered, was not confusing or misleading.

APPEAL from a judgment of the circuit court for Green county: GEORGE GRIMM, Circuit Judge. *Affirmed.*

This is an action to recover the purchase price of a quantity of cheese sold by plaintiff to the defendants, and delivered at the village of Ridgeway, Wisconsin, July 3, 1911, on board a refrigerator car furnished by defendants, and transported to Chicago. There was no dispute in the pleadings or on the trial as to the amount of the cheese delivered nor as to the price of the same per pound, but the claims of defendants were (1) that it was agreed that the cheese should be of a quality equal to a sample theretofore exhibited by the plaintiff, and that it was not equal to such sample, but was spoiled and unmarketable on its arrival at Chicago; (2) that the contract was for the delivery of thirty-two cases of two-pound blocks and eighty to eighty-five cases of one-pound blocks, whereas only thirty-two cases of two-pound blocks and fifty-one cases of one-pound blocks were in fact delivered. These alleged facts were pleaded as a counterclaim as well as a defense, and judgment for damages demanded. A jury trial was had and the following special verdict rendered:

"(1) Did the plaintiff deliver into the car at Ridgeway the number of cases of cheese which he had agreed to deliver on that day? *A.* Yes.

"(2) Were the twenty-five cases which the plaintiff offered to deliver on the 19th day of July suitable for delivery before that time? *A.* No.

"(3) If you answer the first question in the affirmative you need not answer this, but if you answer the first question in the negative then answer this: What number of cases of one-

and two-pound block limburger cheese did the plaintiff agree to deliver into the car on July 3d?   A. ——.

"(4)  Did the plaintiff deliver into the car at Ridgeway the number of pounds of cheese which he claims he did, namely, 6,189 pounds of one-pound block limburger and 4,064 pounds of two-pound block limburger?   A. Yes.

"(5)  If you answer question number 4 in the negative, then answer this: What number of pounds of limburger cheese in one- and two-pound blocks did he deliver?   A. ——.

"(6)  Was it agreed between the parties that the cheese which the plaintiff was to deliver into the car on July 3d should be as good in quality and condition as the cases which were sampled at the factory by *Jacob Marty* in the latter part of June?   A. No.

"(7)  Was the cheese which plaintiff delivered into the car at Ridgeway on July 3d in fact substantially as good in quality and condition as the cases which were sampled by *Jacob Marty* at the factory in the latter part of June? A. Yes.

"(8)  Was there an agreement between the parties that it was not to be determined until the arrival of the cheese in Chicago whether the cheese was as good in quality and condition as the cases sampled at the factory by *Jacob Marty* in the latter part of June?   A. No.

"(9)  Was it agreed between the plaintiff and the defendant *Jacob Marty,* on the 3d day of July, 1911, before the cheese was delivered on board the car, that there should be no deduction from the contract price of the cheese on account of the quality or condition of the cheese or for any other cause? A. Yes.

"(10)  What was the fair market value at Ridgeway, Wisconsin, on or about July 19, 1911, of one-pound block limburger cheese of quality like that bought by *Jacob Marty* of the plaintiff on July 3, 1911, for ten and one-half cents per pound?   A. Ten and one-half cents per pound."

Upon this verdict judgment was rendered for the plaintiff for $1,054.90 damages, besides costs, and the defendants appeal.

For the appellants the cause was submitted on the brief of *E. D. McGowan.*

For the respondent there was a brief by *Fiedler & Fiedler,* and oral argument by *E. C. Fiedler.*

WINSLOW, C. J. The case seems to have been fully and fairly tried and the answers of the jury to the questions of the special verdict are all sustained by sufficient evidence. It may be said also that the special verdict satisfactorily covers all of the matters in issue between the parties, hence it will not be necessary to notice further the appellants' claim that certain questions proposed by them should have been made part of the special verdict.

The assignments of error which are deemed necessary to treat will be briefly considered.

1. By ch. 381, Laws of 1911, it is provided, in substance, that all persons buying cheese in quantities of fifty pounds or more in this state shall, unless otherwise agreed by express contract, cause the same to be weighed at the time of delivery to the purchaser or to the common carrier for shipment, and pay for the same at the weight so ascertained, and at the price agreed on at the time, except for such cheese as may be found of inferior quality by a test made at or before the time of delivery.

This law does not seem to have been relied on by the plaintiff, but during a long cross-examination by defendants' counsel the plaintiff was asked whether a certain letter which he had received from *Mr. Marty,* dated July 6th, was not the same letter which he had mentioned as dated July 7th. The witness answered that it was possible that he might have got that letter in the evening, and the court then suggested that the matter had been gone into fully and that the cross-examination was being extended to great length on matters which under the law might not be material. Exception was taken to this remark by defendants, and the trial judge went on to say that if the testimony was offered for the purpose of showing an express contract it would be received, but not otherwise,

because he deemed that under ch. 381 nothing but an express agreement could be shown.    No exception was taken to this remark.    A number of further questions were asked and answered, but no further rulings made, nor does the statute seem to have been referred to again.    So far as we can discover, no testimony was ruled out because of the existence of the statute. The case was tried and the special verdict framed substantially as if the statute did not exist, and under the verdict, irrespective of the statute, the plaintiff is entitled to recover. The statement of the court that he deemed the statute valid was academic rather than practical.    It had no perceptible effect either on the testimony or the verdict.    Hence we do not reach the question whether there was error in the ruling nor the question whether the statute is unconstitutional.

2. It was a matter of dispute between the parties whether the plaintiff knew that the cheese was being purchased for shipment to the Chicago market, and the defendant attempted to offer in evidence a memorandum made by him in a note book at the time, in which it was stated that the cheese was to be shipped to Chicago.    The plaintiff had already testified that, while he saw *Mr. Marty* write something in his pocketbook, he did not know what it was.    The utmost that *Mr. Marty* could testify to was, that he made the memorandum of the purchase and that the plaintiff stood beside him "and saw me when I put it down."    There is no evidence, therefore, showing that the plaintiff knew what the memorandum contained at the time.    It was a mere self-serving memorandum made by the defendant in his own interest and not brought to the knowledge of the plaintiff at the time.    Such memorandums do not constitute substantive evidence of the facts as against the other party to the transaction.

A check which the defendants had tendered to the plaintiff, and which the plaintiff had returned because not sufficient in amount, was offered and properly rejected because the fact

that the check was sent and returned was conceded by the plaintiff, and the mere form of the check became immaterial.

3. The trial court instructed the jury as follows on the question of the burden of proof:

"The burden of proof as to questions 1, 4, 6, 7, 8, and 9 is on the affirmative; by that is meant that you should not answer them in the affirmative unless you are satisfied in your mind by a preponderance of the evidence that they should be so answered. The burden of proof as to question number 2 is on the negative; that is, you should not answer it in the negative unless you are satisfied in your own mind by a preponderance of the evidence that it should be so answered."

It is objected that this instruction is confusing and misleading. It seems clear that there is no sufficient exception to this instruction, for at best the exception is only a general one to the entire charge, much of which is unexceptionable; but, conceding that the question is properly raised, we see no error or confusion in the instruction as given.

4. The defendant requested the giving of eighteen instructions, all of which were refused, and error is claimed on this ruling. There are two sufficient answers to this contention: (1) the instructions were general in their nature and had no proper application to the questions of the special verdict, and (2) the exception taken was an omnibus exception to the refusal to give the entire eighteen instructions, many of which were so palpably inapplicable to the questions of the special verdict as to leave no room for a claim that they should have been given. Citation of authorities showing that such an exception is not available seems unnecessary, but a recent case covering the point may properly be referred to. *Flannigan v. Stauss,* 131 Wis. 94, 111 N. W. 216.

*By the Court.*—Judgment affirmed.