(No. 1659, July 16, 1914)

THOMAS P. JAMES, Appellant, vs. BOONE HOOD, Appellee.

### SYLLABUS BY THE COURT.

1. Neither the verdict of the jury, nor the findings of a trial court will be disturbed in the appellate court, when they are supported by any substantial evidence.

P. 236

2. The trial court should set the verdict aside and grant a new trial, where it clearly appears that the jury have failed to respond truly to the real merits of the controversy and justice has not been done.

P. 237

3. Objections not made in the trial court to a question propounded to a witness will not be considered on appeal.

P. 239

4. A ruling on the admissibility of evidence, to which no exception has been taken will not be considered on appeal.

P. 239

5. If, when evidence is offered it is apparently admissible but subsequently it is shown to be inadmissible on account of reasons not known or stated at the time it was offered, counsel should ask to have it stricken out, and, where no request is made to have such evidence withdrawn from the jury, error can not be predicated upon its admission.

P. 239

6. No alleged errors, unless jurisdictional, will be con-

James v. Hood, 19 N. M. 234

sidered on appeal, except those which are set out in the motion for a new trial.

P. 240

7. Error in admitting incompetent evidence of agency, is cured by the objecting party's subsequent admission of such agency.

P. 240

8. No assignment of error, based upon an exception to the charge of the court to the jury will be considered, when the exception taken is "to the giving of each and every one of such instructions" for specified reasons, where the alleged vice does not inhere in all of such instructions. It is the duty of counsel to point out specifically the instruction excepted to, and the grounds upon which the exception is based.

P. 241

9. In order that proper exceptions may be preserved, it is the duty of the trial court to timely submit to counsel, copies of the proposed instructions, so that they may intelligently interpose their objections thereto, before the instruction are given.

P. 241

Appeal from District Court, Union County, Thomas D. Leib, Presiding Judge. Affirmed.

O. P. EASTERWOOD, Clayton, N. M., for Appellant.

Evidence in Record. 14 N. M. 432, 117.

JOSEPH GILL, Clayton, N. M., for Appellee.
Question for Jury. 1 A. & E. Enc. L., 2nd Ed., 1195; 8 Stand. Proc. 704.
Objection and Exception of Appellant Do Not Avail. 2 N. M. Rep., p. 448; 8 Enc. P. & P. 262, 263; 21 Enc. P. & P., pp. 1007, 1018; 31 Cyc. 1452; 101 N. W. 950; 23 Am. Rep. 184.

## OPINION.

ROBERTS, C. J.—Appellant instituted this action to recover from appellee an alleged balance of $1,800, interest and attorneys' fees claimed to be due on a promissory note, executed and delivered to him by appellee. Appellee filed an answer, setting up a lack of consideration as to $1,375.43 of the indebtedness represented by the note, and also set up a counter claim against the appellant for approximately $16,000, made up of various items. One of these items, amounting to $1,172.97, was based upon a claim that appellant had delivered to appellee 6,400 head of sheep on a "partido" contract, together with certain lands, described in the contract only as the Corrumpa Sheep Company Lands, and, that appellant, in violation of the contract, had appropriated to his own use a portion of said lands and six lakes of water thereon. The remainder of the counter-claim was based upon twelve or thirteen different items, principally growing out of the transactions between the parties under the "partido" contract. The case was tried to a jury, and a verdict for appellee in the sum of $400.00 was returned. A motion for new trial was filed and overruled, and appellant appealed.

His first two assignments of error are addressed to the sufficiency of the evidence to sustain the verdict. Appellant contends that there is no substantial evidence to support the verdict and that the record discloses it was returned through prejudice on the part of the jury. There was a sharp conflict in the evidence, and, from the record before us, it seemingly preponderated in appellant's favor. However, under the well established rule, neither the verdict of the jury nor the findings of a trial court will be disturbed in the appellate court, when they are supported by any substantial evidence. (Goldenberg vs. Law, 17 N. M. 546.) We cannot weigh conflicting evidence, and will only examine it for the purpose of determining whether there was substantial evidence, which it believed by the jury warranted the verdict. In this court, we have only the written transcript of the evidence before us, and, therefore, do not have the advantage nor

opportunity of seeing the witnesses, hearing them testify, observing their manner and demeanor on the witness stand, and the many other indescribable aids in sifting out truth from falsehood, possessed by the jury and the trial judge. Here the verdict not only has the approval of the jury, but the trial court has, after carefully considering all the evidence, with every opportunity which the jury had, of determining its weight and credence, given its approval to the same. The weight of the evidence may properly be considered by the trial judge in passing on the motion for a new trial, where it is properly called to his attention, and, if his judgment tells him that the verdict is wrong, that the jury have erred, either through mistake, prejudice or other cause, and have found against the fair preponderance of the evidence, he should not hesitate to set it aside, and remand the question to another jury. The trial judge is more than a mere moderator, passing upon the admissibility of evidence, and instructing the jury as to the law of the case. He, as well as the jury, must approve of the verdict. The object of trials in the courts is to mete out justice to litigants, and unless substantial justice is meted out by the verdict of the jury, the judge should not permit the verdict to stand. We do not mean to say that he should substitute his judgment for the judgment of the jury, and in all cases where he might have reached a different conclusion upon the evidence, that he should grant a new trial; but where it clearly appears that the jury have failed to respond truly to the real merits of the controversy, and justice has not been done, he should unhesitatingly set the verdict aside. This has always been the guide, for trial judges, both in this country and England. In an early English case, (Bright vs. Eynon, 1 Burr. 390, 97 Eng. Reprint, 365) Lord Mansfield discussed the question as to when a new trial should be granted on the weight of the evidence, and says:

"And the rule laid down by Lord Parker, in the case of the Queen against the Corporation of Helston H., 12 Ann. B. R. seems to be the best general rule that can be-

laid down upon this subject, viz: 'Doing justice to the party,' or in other words 'attaining the justice of the case.' " See also the case of Wood vs. Gunston, Style 446, a case decided in 1655.

In the case of Kansas Pacific R. Co. vs. Kunkle, 17 Kans. 172, Justice Brewer, speaking of the functions of the trial court, as distinguished from the court of last resort, said:

"The functions of the two are widely dissimilar. The one has the same opportunity as the jury for forming a just estimate of the credence to be placed in the various witnesses, and if it appears to him that the jury have found against the weight of the evidence it is his imperative duty to set the verdict aside. We do not mean that he is to substitute his own judgment in all cases for the judgment of the jury, for it is their province to settle questions of fact; and when the evidence is nearly balanced, or is such that different minds would naturally and fairly come to different conclusions thereon, he has no right to disturb the findings of the jury, although his own judgment might incline him the other way. In other words, the finding of the jury is to be upheld by him as against any mere doubts of its correctness. But when HIS JUDGMENT tells him that it is wrong, that whether from mistake, or prejudice, or other cause, the jury have erred, and found against the fair preponderance of the evidence, then no duty is more imperative than that of setting aside the verdict, and remanding the question to another jury."

The cases discussing the rule will be found collected in case notes, accompanying the cases of Clark vs. Great Northern R. Co., 2 Am. & Eng. Ann. Cases, 760, and McMahon vs. Rhode Island Co. Ann. Cas. 1912 D. 1223. The rule stated is supported by practically all the reported cases.

The verdict is supported by substantial evidence, and having been approved by the trial court, it will not be disturbed here, although as the facts appear in the tran-

script of the evidence, we might have reached a different conclusion.

Assignment number three is that the court erred in permitting the witness, Charles Carter, to testify that the lands of the Corrumpa Sheep Company lie south of the Colorado & Southern Tracks, in that such testimony was hearsay, secondary, irrelevant and immaterial. There is no merit in this assignment for three reasons. First, the objection interposed was upon other grounds; Second, no exception was taken to the overruling of the objection; and, third, it did not appear at the time the question was answered, that the witness was giving hearsay testimony; such fact appearing only upon cross-examination, at which time appellant failed to move to strike out the answer, or to in any manner indicate that he desired its withdrawal from the consideration of the jury.

Objections not made in the court below to a question propounded to a witness will not be considered on appeal. A. T. & S. F. Ry. Co. vs. Rogers, 16 N. M. 120; 113 Pac. 805.

A ruling on the admissibility of evidence, to which no exception has been taken, will not be considered on appeal.

If, when evidence is offered it is apparently admissible, but subsequently it is shown to be inadmissible on account of reasons not known or not stated at the time it was offered, counsel should ask to have it stricken out, and, where no request is made to have such evidence withdrawn from the jury, error cannot be predicated upon its admission.

The next assignment is predicated upon the overruling of appellant's objection to the following questions asked the witness, Carter:

"Do you know whether or not Boone Hood was damaged by Mr. James' sheep pasturing on his range during those years?"

"What damage was done by Mr. James' sheep ranging or pasturing on land which he had rented to Mr. Hood?"

"About how much per head do you think it damaged those sheep?"

If there was error in overruling the objection to these questions, appellant failed to preserve the same for review, because he did not set out the alleged errors in his motion for a new trial.

"The court has often held that no alleged errors, unless they are jurisdictional, will be considered, except those which are set out in the motion for a new trial." U. S. vs. Cook, 15 N. M. 124.

The same is true of his assignments numbered 6, 7 and 8.

Assignment number five was predicated upon the overruling of an objection to a question asked the witness, Carter, as follows:

"Do you know what the use of it was worth as winter pasturage for the winters of 1909 and 1910?"

The ground of the objection was that the witness had not qualified. The objection was not well taken, as the witness had theretofore stated that he knew the value of the lands and what they were worth for pasturage during those years. It is true, on cross-examination the witness admitted that he did not know the value of land during these same years, but no motion was then made to strike out his former testimony or withdraw it from the consideration of the jury.

Assignment number 8 is not discussed and will not be considered.

Assignment number 9 is addressed to the action of the court in refusing to strike out the evidence of a witness named Hood, who stated that George Mohr said that he was acting as the agent for appellant in receiving certain sheep. If was error in not striking out this evidence, it was cured by appellant's subsequent testimony, wherein he stated that Mohr was acting as his agent at that time.

The court, upon its own motion, and at the request of the appellee, instructed the jury at considerable length.

The only objection or exception to the instructions thus given is as follows:

"Plaintiff excepts to each and every instruction given by the court of its own motion, and to each and all of the instructions given on request of the defendant, for the reason that each and all of said instructions are contrary to the law governing this cause, in that same, and each and all thereof are confusing, misleading and upon the weight of the testimony."

In this court appellant assigns error upon 6th and 7th paragraphs of such instructions, and appellee objects to our considering the assignments, on the ground that the exception taken in the trial court is not sufficiently specific to warrant this court in scrutinizing the instructions. The current of authority supports appellee's contention. The exception taken amounted to no more than a general exception to the whole charge, and did not serve to direct the attention of the trial court to any specific instruction.

It is what is known as a "broadside exception," and is almost universally condemned by the courts. Certainly all of the instructions were not objectionable, and appellant owed the duty to the trial court, of calling particular attention to the specific portion of the charge which was objectionable, so that it could be corrected. It is only fair to the court that this should be done. If the attention of the court is directed to the specific instruction claimed to be objectionable, and its vice pointed out, the error can be corrected before the instructions are read to the jury, and thereby the expense and trouble of a second trial may be avoided. In order that this may be done, the court should timely submit to counsel, copies of the proposed instructions, so that they may intelligently interpose their objections thereto, before such instructions are given.

As sustaining the rule that the exceptions were not sufficiently specific, we cite the following cases: Ter. vs. Leslie, 15 N. M. 240; Block vs. Darling, 140 U. S. 234, 35 Law. Ed. 476; Kansas Pac. Ry. Co. vs. Ward, 4 Col. 30; Kennedy vs. Falde, 4 Dak. 319; Edgell vs. Francis, 86

Mich. 232; Walsh vs. Kelly, 40 N. Y. 556; Woods vs. Berry, 7 Montana 195; Scoville vs. Salt Lake City, 11 Utah 60; Hamlin vs. Haight, 32 Wis. 237; and see other cases cited in note 56, p. 1802, 32 Cyc.

Finding no available error in the record, the judgment of the trial court will be affirmed, and, it is so ordered.