[No. 2884.   Dec. 14, 1925.   Rehearing Denied

June 15, 1926.]

NOBLE v. McKINLEY LAND & LUMBER CO.

[247 Pac. 548.]

SYLLABUS BY THE COURT

The record examined, and it is **held** that the verdict of the jury, except as to error of $100, is supported by substantial evidence. Judgment affirmed upon filing, by appellees, of agreement to remit $100 from the judgment obtained.

Appeal from District Court, McKinley County; Holloman, Judge.

Noble v. McKinley Land & Lumber Co., 31 N. M. 453

Action by W. S. Noble against the McKinley Land & Lumber Company. Judgment for plaintiff, and defendant appeals. Affirmed, on condition of remittitur.

See, also, 30 N. M. 294, 232 P. 525.

E. W. Dobson, of Albuquerque, for appellant.

A. T. Hannett, A. L. Zinn, and Harold Perry, all of Gallup, for appellee.

OPINION OF THE COURT

BICKLEY, J.  The plaintiff (appellee) entered into contracts, written and oral, with the defendant (appellant), to haul certain lumber for it and to furnish to it certain props and ties. These contracts were performed in 1920. Similar labors were performed by plaintiff in 1919. Plaintiff, claiming that defendant had not paid all of the compensation agreed upon on the 1920 transactions, brought this suit. Plaintiff testified in his own behalf, supplementing his recollection with memoranda of his own and defendant company. The total amount which plaintiff claimed he should have received for all items was $9,382.20. He claimed that he had been paid a total of $7,549.37. This left a balance due the plaintiff of $1,823.83. The jury rendered a verdict in favor of the plaintiff for $1,832. It now appears that the items claimed to be owing from defendant to plaintiff were in the amount of $9,282.20 instead of $9,382.20, and that no one noticed the mistake during the trial. Plaintiff has offered to remit the $100 excess improperly included in the verdict and judgment.

Plaintiff claimed there was a larger sum due him from the defendant than the jury awarded him. Defendant, on the other hand, claimed that the plaintiff had been paid in full, and produced evidence of having paid the plaintiff a greater aggregate sum of money than plaintiff claimed to have earned in 1920. Plaintiff, however, testified that one of the payments relied upon by the defendant was for services performed in 1919, and settlement therefor deferred, and that two

of the checks in plaintiff's favor produced by defendant were in payment of services independent of the matters in controversy.

The defendant sought to hold plaintiff to lumber measurements on the item of lumber hauling and plaintiff relied ultimately on the "log scale," which, as to amount claimed, was fairly satisfactorily established, plus 10 per cent. It was substantially established that there exists a rule among lumbermen that under certain conditions, which the jury may have believed embraced the circumstances of this case, the log scale measurement plus 10 per cent. fairly represents the measurement of the lumber cut from the logs.

Upon conflicting testimony, principally upon these facts of amount of hauling of lumber and number of ties and props and the payments made therefor, the jury, under instructions not objected to, rendered the verdict for plaintiff.

Defendant unsucessfully sought a directed verdict for defendant and made motion for new trial, which seems not to have been passed upon, but was overruled by the provisions of our statutes.

The court entered judgment for plaintiff in the amount the verdict of $1,832.00 and for interest at the rate of 8 per cent. per annum from the 4th day of January, 1921. A motion to set aside judgment was presented by defendant and overruled by the court, whereupon an appeal was taken. Appellant recognizes the principle so often declared by this court that a verdict of a jury will not be disturbed on appeal when it is supported by any substantial evidence, and will not weigh the evidence, but will merely examine it to ascertain whether or not the verdict of the jury is supported by substantial evidence; but appellant claims there is no substantial evidence to support the verdict and the judgment entered thereon.

The assault which the appellant makes upon the plaintiff's evidence is principally that it is unreliable

because not supported by adequate records; because in certain instances it was inconsistent with other testimony offered by plaintiff; because plaintiff changed his evidence, being forced to acknowledge mistakes he had made therein; because he changed his method of computation of the amounts due for the services rendered; and because such evidence was vague and uncertain and contradicted record evidence.

These criticisms might very properly affect the weight to be given to the testimony, and were doubtless argued to the jury in an effort to induce them to minimize the weight to be attached thereto, and they might have been urged as reasons for the trial judge to direct a verdict for the defendants, or set aside the judgment and grant a new trial; but they do not have much force with us here. In James v. Hood, 19 N. M. 234, 142 P. 162, we pointed out the difference between the functions of the trial court with respect to considering the weight of the evidence and the function of the appellate court in this respect; and it was there pointed out that a verdict of the jury unsuccessfully assailed in the trial court comes to us, not only with the approval of the jury, but with the approval of the trial court, who has, after carefully considering the evidence with every opportunity which the jury had of determining its weight and credence, given its approval of the same.

We have considered the record carefully, and we are impressed with the painstaking efforts of the trial court to aid the litigants and their attorneys and the jury in getting at the truth of the matter out of testimony not at all times satisfactory. We can see no benefit to be derived by appellant, or the legal profession, in our entering into an exhaustive analysis of the testimony, which, in our view, satisfies the substantial evidence rule. It is our conclusion that, with the exception of the error of $100 in computation heretofore referred to, there is substantial evidence to support the verdict.

Our conclusion in the matter makes it necessary to compel a remittitur of the excess in the amount of this judgment over and above $1,732, and we therefore order that if the appellee, within 30 days from the filing of this opinion, shall file with the court its agreement to remit the sum of $100 from the judgment of $1,832. obtained by him in the court below, the remainder of the judgment will be allowed to stand; but, upon failure so to do, the judgment will be reversed, and the cause remanded for new trial.

PARKER, C. J., and WATSON, J., concur.