364 P.2d 134

**Doyle H. MINOR, Claimant, Plaintiff-Appellant,**

v.

**HOMESTAKE–SAPIN PARTNERS MINE, Employer, and Travelers Insurance Company, Insurer, Defendants-Appellees.**

No. 6776.

Supreme Court of New Mexico.

Aug. 15, 1961.

Phillips, Dolan & Clear, Albuquerque, for appellant.

Rodey, Dickason, Sloan, Akin & Robb, William C. Briggs, Albuquerque, for appellees.

CARMODY, Justice.

The claimant in a workmen's compensation case appeals from the trial court's denial of his motion for a new trial, following a jury verdict denying him compensation.

■ The claim of error attempts to show that the evidence required a finding for the claimant for at least some disability, the accidental injury being admitted. In so doing, the brief-in-chief sets forth portions of the testimony of two doctors, which would support a compensation award but otherwise utterly fails to point out the substance of all of the evidence bearing upon the proposition. For all practical purposes, there is no discussion at all by claimant of the evidence which sustains the verdict. Thus, claimant must fail, because he has not complied with Rule 15(6) (§ 21–2–1 (15) (6), N.M.S.A.1953). Davis v. Campbell, 1948, 52 N.M. 272, 197 P.2d 430. Claimant cannot succeed for the additional, but allied, reason that the granting or denying of a motion for new trial is within the sound discretion of the trial court. Archibeque v. Miera, 1857, 1 N.M. 160; James v. Hood, 1914, 19 N.M. 234, 142 P. 162; Cienfuegos v. Pacheco, 1952, 56 N.M. 667, 248 P.2d 664; Bondanza v. Matteucci, 1955, 59 N.M. 354, 284 P.2d 1024; Mathis v. Atchison, Topeka & Santa Fe Railway Co., 1956, 61 N.M. 330, 300 P.2d 482; and Addison v. Tessier, 1957, 62 N.M. 120, 305 P.2d 1067.

■ We will not weigh conflicting evidence and will examine it only for the purpose of determining whether there is substantial proof upon which the verdict was based. We must view the evidence in the light most favorable to the verdict. Viramontes v. Fox, 1959, 65 N.M. 275, 335 P.2d 1071. This court will not intervene in the matter of granting or denying a new trial unless there has been manifest abuse of discretion on the part of the trial court. Adams v. Cox, 1951, 55 N.M. 444, 234 P.2d 1043; Smith v. Meadows, 1952, 56 N.M.

242, 242 P.2d 1006; and Mathis v. Atchison, Topeka & Santa Fe Railway Co., supra. Compare, Jensen v. Allen, 1958, 63 N.M. 407, 320 P.2d 1016. The claim of abuse of discretion will not be considered when it is based only upon that portion of the evidence favorable to claimant; it must appear from the entire record, insofar as it concerns the issue involved.

■ Claimant also urges error on the part of the trial court in refusing to grant the following instruction:

"You are instructed that the term 'accidental injury' as used in the Workmen's Compensation Act should be liberally construed in favor of the compensation claimant.".

It is true that such a statement as an abstract proposition of law is correct, but little more can be said for the requested instruction. It was not made applicable to the issues of the case (Martin v. La Motte, 1951, 55 N.M. 579, 237 P.2d 923), and actually, as requested, was likely to confuse or mislead the members of the jury (Gerrard v. Harvey & Newman Drilling Company, 1955, 59 N.M. 262, 282 P.2d 1105). The crucial issue of the case was not whether there had been an accidental injury, but whether there was a compensable injury. There is no inconsistency between a finding or admission of accidental injury and a determination that no disability was suffered as a result of the injury. Howse v. Robert E. McKee Co., 1957, 63 N.M. 129, 314 P.2d 727. The requested instruction does not, even if generally proper, apply to the issue of disability.

■ Even though claimant has failed to comply with Rule 15(6), supra, we have examined the evidence as shown in the transcript and the instructions of the court, and do not believe that the jury failed to respond truly to the real merits of the controversy. Conversely, it would appear that justice has been done, although it is possible that another jury might have reached a different conclusion. Compare, James v. Hood, supra.

The judgment will be affirmed. It is so ordered.

CHAVEZ and NOBLE, JJ., concur.

COMPTON, C. J., and MOISE, J., not participating.