(No. 1239.   July 1, 1909.)

UNITED STATES OF AMERICA, Appellee, v. M. E. COOK, Appellant.

### SYLLABUS.

1. No alleged errors, unless they are jurisdictional, will be considered, except those which are set out in the motion for a new trial.

2. A motion for a new trial will not be granted on the unsupported affidavit of a defendant, made on information and belief, that the jury while separated listened to discussions of the case by citizens and witnesses.

3. There was no error in the court having allowed the jury to separate, before the case was submitted to them, in the absence of a showing that accused was prejudiced thereby.

4. A motion for new trial is properly denied where motion is on the ground supported only by affidavit of accused made on information and belief, that the jury found accused guilty of adultery, on the evidence of a witness that he had stolen a hen on the night of the alleged offense, and that a juror had stated after the verdict that, if accused had not stolen, he would not have been convicted.

5. None of the evidence at the trial having been brought up by the record on appeal, the court cannot review the denial of the motion for new trial made on the ground that the conviction was based on the false testimony of a witness.

6. In view of the Act of March 3, 1887, c. 397, sec. 3, 24 Stat. 635, U. S. Comp. St. 1901, p. 3636, which provides that when the "act is committed between a married woman and a man who is unmarried, both parties to such act shall be deemed guilty of adultery," a single man committing the act with a married woman may be convicted, though the indictment charges that he is a married man.

7. The correctness of instructions given by the trial court will not be reviewed on appeal, unless exceptions are saved, and an opportunity for correction given.

Appeal from the Fifth Judicial District Court, before W. H. POPE, Associate Justice. Affirmed.

GATEWOOD & GRAVES for Appellant.

The separation of the jury in such a way as to expose them to tampering may be reason for a new trial, variously held as absolute, or prima facie. Lester v. Stanley, 15 Fed. case No. 8277; Wharton Crim. Pl. & Pr. sec. 821; Early v. State, 1 Tex. App. 248; The People v. Backus, 5 Cal. 275; Commonwealth v. Roley, 12 Pick. 519, Mass.; Organ v. The State, 26 Miss. 78; Madden v. The State of Kansas, 1 Kas., sec. ed. 321; The State of Kansas v. Mulkins, 18 Kas., 2 ed. 17; Mattox v. U. S.,

36 U. S., L. ed. 917; People v. Knopp, 42 Mich. 267; State v. Snyder, 20 Kas. 316; State v. Harris, 60 Pac. 58, (Cal.); State v. Place, 32 Pac. 736, Wash.; Com. v. Roby, 2 Pick. 486.

In order to warrant a conviction the proof must have been in line with the allegation contained in the indictment. Miner v. People, 58 Ill. 60; Tucker v. State, 35 Tex. 113; Territory v. Whitcomb, 1 Mont. 358; Hughes Crim. L. & P., sec. 1959, 3084; Dixon v. State, 44 Ga. 344; Owens v. State, 94 Ala. 97, s. c. 10 So. 669; White v. State, 74 Ala. 31; Gaunt v. State, 14 At. 600; State v. McDuffie, 12 S. E. 83; Coffin v. U. S., 39 L. ed., U. S. 481; U. S. v. Griego, 12 N. M. 84; Hickory v. U. S., 40 L. ed., U. S. 474.

A new trial should be granted if the presiding judge expresses himself, or instructs, as to inference of fact so that the jury believes him to be stating principles of law, and cannot be cured or corrected by other instructions. Warren v. State, 22 Tex. App. 392; Skidmore v. State, 43 Tex. 96; Wharton Cr. P. & P., secs. 709, 710, 794; U. S. v. Griego, 12 N. M. 84.

D. J. Leahy, U. S. Attorney; Stephen B. Davis, Jr., Assistant U. S. Attorney, for Appellee.

No bill of exceptions being filed, no errors assigned, the testimony on which the conviction was had not brought before the appellate court, that court in determining the appeal, is confined to a consideration of the record proper. Territory v. McDonald, 12 N. M. 423.

It will be presumed that there was sufficient proof on which to base the verdict of the jury. Durland v. U. S., 161 U. S. 312; U. S. v. Biena, 8 N. M. 99.

Separation of the jury does not justify a reversal where no prejudice to defendant is shown. Territory v. Nichols, 3 N. M. 103; People v. Douglas, 4 Cowen 26; Com. v. McCaul, 1 Va. Cas. 271; Territory v. Chenowith, 3 N. M. 318; Territory v. Edie, 6 N. M. 554, 7 N. M. 183; Mattox v. U. S., 146 U. S. 140; U. S. v. Davis, 103 Fed. 467; U. S. v. Swan, 7 N. M. 306; U. S. v. Spencer, 8 N. M. 667.

An appellate court will generally not review the action

U. S. v. Cook.

of the trial court in granting or refusing a new trial. Insurance Co. v. Perrin & Co., 10 N. M. 90.

Errors not included in the motion for a new trial will not be reviewed in the appellate court. Territory v. Chavez y Chavez, 9 N. M. 282; Territory v. Archibeque, 9 N. M. 403; Coleman v. Bell, et al, 4 N. M. 21; Sierra County v. Dona Ana County, 5 N. M. 190; Spiegelberg v. Mink, 1 N. M. 308.

The correctness of instructions given by the trial court will not be reviewed by the appellate court unless an exception was saved and an opportunity for correction given. C. L. 1897, sec. 3145; Territory v. O'Donnell, 4 N. M. 208; Padilla v. Territory, 8 N. M. 562 and cases cited; Laird v. Upton, 8 N. M. 409; Territory v. Baker, 4 N. M. 238; Lund v. Ozanne, 13 N. M. 293; Territory v. Watson, 12 N. M. 419.

### OPINION OF THE COURT.

MILLS, C. J.—Appellant herein, M. E. Cook, was found guilty by a jury, on the 25th day of April, A. D. 1908, of having committed the crime of adultery. Motion for a new trial was subsequently filed, argued and overruled by the trial court, and an appeal was taken to this court.

The case is brought to this court on a skeleton record. None of the evidence introduced at the trial is before us, and consequently it will not be considered by us in arriving at our decision.

The court has often held that no alleged errors, unless they are jurisdictional, will be considered, except those which are set out in the motion for a new trial. Territory v. Chaves, 9 N. M. 282, Territory v. Archibeque, et al, 9 N. M. 403, and as the motion for a new trial filed in this case, does not include any exceptions to the instructions given by the court to the jury, the issues in the cause are reduced to a narrow compass.

The first two grounds set up in the motion for a new trial, are that the court erred in allowing the jury to separate without the consent of the defendant, for the

night of April 24th, 1908, and in the error assigned marked 2-A, the appellant charges on information and belief, that while separated, some of the jury heard the case and the facts and merits of the case discussed by citizens and witnesses, whereby the minds of the jurymen were influenced and prejudiced against the defendant, and that by reason thereof he was deprived of a fair and impartial trial.

The United States does not deny that the jury separated for the night of April 24th, but contends that such separation is not error unless the appellant shows that he was prejudiced thereby, and in the entire record before us there is not one word except the affidavit of M. E. Cook, the appellant herein, which affidavit is made on information and belief that the jury while separated "mingled freely with the citizens of Roswell and the witnesses for and on behalf of the United States, and heard the case and facts and the merits thereof discussed freely by said citizens and witnesses; whereby the minds of said jury were influenced and prejudiced against the defendant," and he was thereby deprived of a fair trial. The statement, as to what the jury did during their separation rests on nothing more substantial than the allegations made on information and belief by the appellant in his motion for a new trial. The name of no person with whom any of the jury conversed during their separation, is given, nor is the substance of their conversation set out, or the hour or place of such conversation, if any. The error assigned, numbered 2-A, is too general and rests on no solid foundation, and will not be further considered by us. If a verdict could be set aside on the unsupported affidavit of a defendant made on information and belief, our penitentiaries would soon be without occupants, and might as well be torn down, or put to other uses.

The elimination of this part of the motion for a new trial brings us to the simple proposition as to whether or not it is reversible error for the court to allow a jury to separate during the progress of a criminal trial, but before the case is submitted to them; nothing prejudicial

U. S. v. Cook.

to the defendant being shown. This point has already been passed upon by this court, so it will be unnecessary to go outside of the Territory for authorities. The first case in which this point was presented to our Supreme Court was in the case of Territory v. Nichols, 3 N. M. 76, 2 Pac. 78. This case is not exactly parallel with the one at bar, for in the Nichols case the jury separated without the consent of the court after they had agreed upon a verdict, but before they had returned it into court. In that case the court says: "The second alleged error is upon the refusal of the court below to set aside the verdict of the jury for the reason that, after being sent out to deliberate upon their verdict, the jury, without the permission of the court, separated, and mingled with the people, and afterwards returned a sealed verdict. This was a grave irregularity, and merited severe reprehension from the court. It is probable that the jurors themselves may not have been aware of the serious consequences which might flow from the act of separation, but it would seem almost impossible that the officers having them in charge could have furnished any good excuse for their neglect of duty. They were sworn to keep the jurors together, and should have been held to strict responsibility for their failure to do so. We do not think, however, that the court below erred in refusing to set the verdict aside in the case at bar for the reasons assigned." In this case a number of authorities are cited in support of the ruling of our court, but we do not think it necessary to quote from them. The case of Territory v. Chenoweth, 3 N. M. 318, 5 Pac. 533, is directly in point. In that case the court says: "It is further claimed as error in this case that, after the jury were impaneled, and during the day upon which the case was tried, they were permitted to separate during the noon recess, without being accompanied by a sworn officer. It appears that, after the evidence was in, and before the arguments of counsel and instructions of the court, the jurors were permitted, by leave of the court, and after being carefully admonished to permit no one to address them on the subject of the trial, to separate during the dinner hour. This was not error. It is a rule of practice

universally adopted, both in this country and in England.
In capital cases there is, in some of the states, either
a statute or a rule of practice requiring the jury to be
kept together. But the well-satisfied doctrine in sub-
stantially all the states of the Union, as well as in England,
now is that, even in felony, it is in the sound discretion
of the court as to whether the jury, during the trial, may
be permitted to separate. It would have been different
had the jury been permitted to separate without leave
of the court, after the case had been given to them in
charge, and before the rendition of their verdict. But,
even in such case, before a verdict will be set aside, it
must be shown that the prisoner was in some way preju-
diced by the separation." These cases are controlling
upon us and so far as we are aware there are no decisions
by our Supreme Court holding the contrary doctrine. It
is true that in the case of U. S. v. Swan, 7 N. M. 306,
and in the case of U. S. v. Spencer, 8 N. M. 667, reversals
were granted on appeal, but in the Swan case, the separa-
tion was after the case had been argued and submitted, and
it was shown that some of the jurors associated and con-
versed with citizens and were exposed to unfair influence,
and that prejudice to the defendant might have resulted,
while in the Spencer case, certain jurors separated from
the others, without permission of the court, and spent
some time in saloons, drinking, and took a bottle of whis-
key back with them to the jury room. In these cases
the reversals were not on the mere ground of separation
of the jurors, but rather on their misconduct while sepa-
rated.

There was no error in the court having allowed the
jury to separate, before the case was submitted to
them, it not being shown that the appellant was pre-
judiced by such separation.

The alleged error marked in the motion for a new
trial, 2-B, is only sworn to by the appellant on informa-
tion and belief. This alleged error is in substance that
the jury found Cook guilty on the evidence of one, Mrs.
Mary J. Estes, that he (Cook), stole a pet hen of hers
on the night of the alleged adultery, and that one of the

jurymen who tried the case said after the verdict had been returned and the jury discharged, in the presence of one Fred Hunt, that if Cook had not stolen the chicken, the jury would not have convicted him of adultery. Appellant asked for time to get the affidavit of Hunt. The motion for a new trial was filed April 30th, 1908, while the same was not overruled until May 8th, 1908.

It does not appear from the record before us that any affidavit of Hunt was ever filed in support of the alleged error marked 2-B, or that he appeared in court and testified concerning the same, consequently the court was perfectly justified in overruling this part of the motion for a new trial. In passing we will say that we do not believe that the sturdy farmers of the Fifth Judicial District would convict any one of adultery, simply because he stole a hen.

The other grounds set up in the motion for a new trial are that the conviction was based on the testimony of Mrs. Mary J. Estes, and that her testimony was false.

None of the evidence heard at the trial has been brought before us, consequently we do not know what this witness, or any other swore to. In considering this, or any other case, we are bound by the record presented by the respective parties, and as there is nothing to show what Mrs. Mary J. Estes swore to on the trial, we, of course, cannot find any error in the refusal of the court to grant a new trial.

The above cover all of the alleged errors set out in the motion for a new trial, but in their briefs both the appellant and appellee refer to instruction No. 6 given by the court. This instruction in substance is, that it was not necessary for both parties to the alleged adultery, to be married, and that while the indictment charges the appellant Cook, to be a married man, that it was not necessary for the United States to prove that fact, provided that it has proved that the woman Minnie G. Estes, was at the time of the alleged act, a married woman, and that her husband was some other person than the defendant, Cook.

This instruction was, we think, perfectly correct in

view of the United States Statute which provides that when the "act is committed between a married woman and a man who is unmarried, both parties to such act shall be deemed guilty of adultery."

We need not, however, consider whether or not this instruction is correct, for the record before us nowhere shows that this instruction was excepted to, and it is well settled that the correctness of instructions given by the trial court will not be reviewed by this court, unless exceptions are saved and an opportunity for correction given. Compiled Laws of 1897, sec. 3145; Territory v. O'Donel, 4. N. M. 208; Padilla v. Territory, 8 N. M. 562; Laird v. Upton, 8 N. M. 409; Territory v. Baker, 4 N. M. 238; Lund v. Ozanne, 13 N. M. 293; Territory v. Watson, 12 N. M. 419.

There being no error apparent in the record, the judgment of the court below is affirmed; and it is so ordered.