[No. 1294, August 29, 1910.]

ROBERT HAGIN, Appellee, v. JEFF COLLINS, Defendant and Appellant.

### SYLLABUS (BY THE COURT.)

1. A motion to dismiss for failure seasonably to file assignments of error will be denied where such motion is not made until after such assignments have been filed. ·

2. Errors not jurisdictional will unless set up in motion for new trial, not be considered on an appeal resulting from a trial by jury.

3. A general exception to an instruction which though in part erroneous is in part correct cannot be sustained.

Appeal from the District Court for Quay County before ALFORD W. COOLEY, Associate Justice. Affirmed.

C. H. HITTSON for Appellant.

Court erred in sustaining objection to question asked for purpose of showing actual rental value of property involved. C. L. 1897, sec. 3360.

The court erred in instructing the jury that "the reasonable rental value of the property from the time it was taken up until the expiration of the lease, would be the measure of damages which you should find for the plaintiff, provided you do find for the plaintiff." Sec. 3360, Laws 1897; Albey v. Weingart, 58 A. 87; Andrews v. Minter, 88 S. W. 822; 107 N. W. 4; 108 N. W. 432.

The court erred in giving to the jury the instruction asked by the plaintiff: "You are further instructed that a verbal leasing of the premises for one year is as valid and legal as a written lease." Section 4, Statute of Frauds.

### STATEMENT OF THE FACTS.

Hagin brought forcible entry and detainer against Collins for certain premises in the town of Tucumcari known as the Farmers Home Wagon Yard. Upon the trial in the District Court the jury found for the plaintiff Hagin and assessed his damages in the sum of $450.00. The defendant thereupon appealed.

### OPINION OF THE COURT.

POPE, C. J.—The first matter for determination upon consideration of this appeal is a motion to dismiss the appeal upon the ground that the assignments of error were not filed seasonably. This motion, however, was not made until after the assignments were filed and must therefore be overruled. While the law exacts diligence of the appellant in filing assignments of error it equally exacts diligence of the appellee in taking advantage of such omission. After the appellant has made amends for his shortcoming, it is too late for the appellee to move on that ground. This was distinctly held by this

court in Armijo v. Abeytia, 5 N. M. 533, where, in disposing of a motion based upon a failure of the appellant to file his transcript of the record, it was said by the court: "The object of the statute is, undoubtedly, to assure promptness in obtaining the decision of the appellate court, in order that the successful litigant in the *nisi prius* court, if rightfully entitled to his judgment or decree, may not, by negligence or willful dereliction on the part of the appellant, be deprived of his rights. However ·it is evident that the enforcement of the appellee's rights under this statute, in the first instance, depends upon his own action. The appellant is prima facie negligent, and loses his right to prosecute his appeal, when less than ten days remains before the first day of the term, and the transcript is not filed. Then is the time for the appellee to move; for immediately, in contemplation of law, his rights are infringed. He then has a duty to perform—a duty just as imperative as the previous duty of the appellant,—and that is to produce in court the transcript, and move to affirm the judgment. If he fails to do so, but allows the appellant to file the transcript, the presumption certainly arises that as he has not moved before, he does not consider his rights interfered with."

The motion to dismiss is accordingly overruled.

Coming to the case itself we find that while a number of grounds of error are assigned in this court, only one of them was presented to the trial court in the motion for a new trial. We have repeatedly held that errors not jurisdictional will not be considered on an appeal following a jury trial, where such were not set up in the motion for a new trial. U. S. v. Cook, 103 Pac. 305, and cases cited. This of course follows from the elementary principle of procedure that the trial court should have the opportunity to correct its errors before the aid of the appellate court is sought to that end. Considering this appeal, therefore, as confined to the sole ground common to the motion for a new trial and the assignment of errors and proceeding to determine this ground we find that well settled rules of procedure likewise preclude consideration of this allegation of error. This ground of error is an

alleged improper instruction by the trial court upon the measure of damages. An inspection of the record shows that the charge of the court was in four paragraphs each of which is indorsed as given by the trial judge. At the foot of these instructions is the following: "To the above instructions defendant excepts."

Whether this exception was indorsed upon each of these four instructions or simply at the foot of the entire charge —a matter which the record does not clearly show—it is too general an exception to constitute notice to the trial court of the inaccuracy complained of and thus it is unavailing as a basis for alleging error. Assuming as the view most favorable to the appellant that it was indorsed upon each of the paragraphs, it is found that the charge upon the measure of damage was contained in the fourth paragraph of the charge. This paragraph, however, contains a statement of numerous other rules of law for the guidance of the jury, many of them clearly correct and indeed not questioned, so that the case comes within the rule announced by this court as early as Beall v. Territory, 1 N. M. 518, (a civil case), where it is said: "These instructions were excepted to as a whole in the court below and this court following the practice as ascertained by decisions of the Supreme Court of the United States will not review exceptions to instructions to a jury unless made specifically; and further if one of the instructions excepted to as a whole was proper, they must all be affirmed." This rule has been consistently followed by this court and as recently as Territory v. Alarid, 106 Pac. 371, it was said: "The erroneous direction in question forms but a small part of the fifth instruction in which it is found and which contains other directions to the jury that are correct. A general exception to an instruction which though in part erroneous is in part correct cannot be sustained. Cooper ·v. Schlesinger, 111 U. S. 148."

It follows from the foregoing that none of the alleged errors are open to consideration by the court. While it is always to be regretted that the merits of an appeal are shut out from our consideration by rules of practice, an orderly procedure requires that these rules shall neverthe-

less be enforced in the expectation of their ultimate ob-servance by members of the bar.

A motion is made by appellee for ten per cent dam-ages as for a frivolous appeal. The view which we take of the record leads us to deny this motion.

For the reasons above stated, however, the judgment of the trial court is affirmed.