[No. 1469, August 13, 1912.]

WESTERN COLLEGE OF NEW MEXICO ANNUAL CONFERENCE OF THE METHODIST EPISCOPAL CHURCH SOUTH, a Corporation, Appellee, v. J. W. TURKNETT, Appellant.

SYLLABUS (BY THE COURT.)

1. Where a cause is tried by a jury, and the court directs a verdict for the plaintiff at the conclusion of the evidence, a motion for a new trial must be presented to the trial court, and a ruling had thereon in such court, in order to preserve and present to this court errors alleged to have been committed by the court below during the trial.

2. Where a jury is impaneled and evidence taken before it on the trial of the cause, it is a "jury trial" though the jury renders its verdict by direction of the court.

3. Where, after the sustaining of a demurrer to an answer the pleader elects to amend, he waives the right to allege error on the ruling.

Appeal from the District Court of Eddy County, before WILLIAM H. POPE, Chief Justice.

J. B. ATKESON, for Appellant.

Whether a party misrepresenting a fact knew it to be false, or made an assertion without knowing whether it was false or true, is wholly immaterial in a suit to rescind or set aside a contract. Smith v. Richards, 13 Pet. 26; M' Ferran v. Taylor, 3 Cranch, 270; Bullitt v. Farrar, 42 Minn. 8; Gerner v. Mosher, 58 Neb. 135; 14 A. & E. Enc. p. 96.

An agency is created, either by express terms or by implication, or ratification. Bouvier's Law Dic. vol. 1, p. 114; 31 Cyc. p. 1194, 1245 and 1251; Huffcut on Agency, 48.

Where a party assumes—without express authority—to act for a second party in securing a subscription contract from a third party to build a college, and the second party receives the benefit of the contract, or attempts to receive

the benefit of the contract, or in any way ratifies the contract, he is charged with all the consequences of agency Mekens v. Watson, 27 Mo. 163; Avakian v. Noble, 53 Pac. 559; Breithaupt v. Thurmond, (S. C.) 3 Rich. 216; Am. & Eng. Enc. vol. 1, 1210, and authorities cited; Daniels v. Brodie, 54 Ark. 216, 15 S. W. 467; Harrison v. Kansas City, etc., R. Co., 50 Mo. App. 332; Cyc. vol. 31, p. 1235, .and authorities cited.

Where a principal brings an action on a contract against a third party made for him by an agent he thereby ratifies the act of the agent and is bound by the representations and warranties, and all other instrumentalities employed by the agent as an inducement to bring about the contract. 31 Cyc. p. 1257, and 1280, and authorities cited; 1 A. & E. Enc. p. 1210 and 1209, and authorities cited; Mechem ·on Agency 130; Huffcut on Agency, p. 48, citing a good line of authorities; Gaines v. Miller, 111 U. S. 395, 28 L. ·ed. 466; Teague v. Maddox, 150 U. S. 128, 37 L. ed. 1025; Clark v. Reeder, 158 U. S. 505, 39 L. ed. 1070; Clews v.. Jamison, 182 U. S. 483, 45 L. ed. 1194; Town of Crafton v. Follanshee, 41 Am. Dec. 736; Mason v. Caldwell, 48 Am. Dec. 330.

False statements and representations as to material facts, forming the consideration for the subscription, made by an agent to a third party to induce him to sign a subscription ·contract, though innocently made, are sufficient to avoid the contract; and it is especially true where the third party relies upon the statements.    Benjamin on Contracts, p. 194, 199 and 202 and authorities cited; Smith v. Richards, 13 Pet. 26 (U. S.), 10 L. ed. 42, citing a long line of authorities; McFerran v. Taylor, 3 · Cranch. 270 (U. S.) 2 L. ed. 436; Bullitt v. Farrar, 42 Minn. 8, 43 N. W. 566, 6 L. R. A. 149; Gerner v. Mosher, 58 Neb. 135, 78 N. W. .384, 46 L. R. A. 214; Shackleford v. Handley, 10 Am. Dec. 753.

Where a college corporation, or society, has decided to, .and intends to build a college, statements made by the .agent soliciting subscriptions to induce its location at a particular place, as to the cost of the building, the grade .and character of the college, and the purposes for which

the subscriptions are to be used, are statements of then existing facts—statements of the intention of the builders or a statement of the mind of the builders, in other words. Cooper v. Ft. Smith & W. R. Co., 99 Pac. 785-791, following the case of Edington v. Fitzmaurice (1884) 29 Chan. Div. 459, 55 L. J. Ch. 650; see Webb's Pollock on Torts, 359; Woodstock Iron Co. v. Richmond & Danville Ex. Co., 129 U. S. 543, 9 Sup. Ct. 402, 32 L. ed. 819.

A false or fraudulent misrepresentation inducing the execution of a contract reduced to writing may be proven by parol testimony. Muller v. Palmer, 77 Pac. 954; Jones et. al. v. Grieve et. al., 115 Pac. p. 333-335; 2 Pomeroy's Equity Jurisprudence, 876; Middlebury College v. Loomis' Adm'rs., 1 Vt. 189; Collinson v. Jeffries, 54 S. W. 28; George v. Harris, 17 Am. Dec. 446; Chambers v. Baptist Education Soc., 40 Ky. 215; 37 Cyc. 493, and authorities cited; Highland University Co. v. Long, et. al., 53 Pacc. 766.

Statements as to what the builders of a college had decided to do, intended to do and are going to do, are not promissory in their nature but are statements of then existing facts. Cooper v. Ft. Smith & W. R. Co., 99 Pac. 785; Webb's Pollock on Torts 359; Woodstock Iron Co. v. Richmond & Danville Ex. Co., 129 U. S. 643.

A principal is bound by the conduct of his agent in procuring a contract, although in violation of his positive instructions, or in excess of his authority, if he seeks to take advantage of the contract. Western Mfg. Co. v. Cotton. & Long, 12 L. R. A. 472, 104 S. W. 758, (Ky.); Schultheis v. Sellers, 22 L. R. A. 1210, 27 Atl. 887 (Pa.)

Where a fund is raised by subscription for a particular purpose it cannot be diverted to another purpose, and if it is so diverted the subscribers may reclaim their subscription. Brimhall v. Van Campen, 82 Am. Dec. 118; First Church of Christ, etc., v. Schreck, 127 N. Y. S. 174.

The question of the diversion of funds should have been. been submitted to the jury. Snyder v. Findley, 1 Am. Dec. 13; East v. Matheny, 10 Am. Dec. 721; Woodruff v. Garner, 8 Am. Dec. 477; Engeman v. Taylor, et. al., 46 W. Va. 669; 14 A. & E. Enc. of Law 140; Cooper v. Ft. Smith

& W. R. Co. 99 Pac. 785; Wells v. W. U. Tel. Co. 123 N. W. 371; Story on Contracts sec. 32; Schuler v. Myton, 48 Kan. 283; 1 Beach on Contracts 726; Cottage Str. Church v. Kendall, 121 Mass. 528; Clark on Contracts, 218 and 220 and 225.

S. D. Stennis, Jr., of Carlsbad, N. M., Robertson & Atwood, of Artesia, N. M., for Appellee.

Parol evidence is not admissible to vary or contradict a written instrument, whatever may be its form. Cooper v. McCrimmon, 33 Tex. 383; Fawkner v. Smith Wall Paper Co., 88 Ia. 169; 45 Am. St. Rep. 230; Crane Co. v. Specht, 39 Neb. 123; Cream City Glass Co. v. Friedland, 84 Wis. 52; Harris v. McCormick, 89 Cal. 327; Bryan v. Hunt, 4 Sneed 543; Meekins v. Newberry, 101 N. C. 17; Hei v. Heller, 53 Wis. 415; Cocke v. Bailey, 42 Miss. 81; Black v. Wabash, etc., Ry. Co., 111 Ill. 351.

A party cannot, by parol evidence, add a stipulation to or take one from, a contract already completed in all its parts. Fawkner v. Smith Wall Paper Co., 88 Ia. 169; Harrison v. McCormick, 89 Cal. 327; Gilbert v. Stockman, 76 Wis. 62; Conant v. National State Bank, 111 Ind. 323.

Parol evidence is no more admissible to contradict or vary a contract implied from a written instrument than it is to contradict or vary the express terms of such instrument. Bryan v. Duff, 12 Wash. 233; 50 Am. St. Rep. 889; Fawkner v. Smith Wall Paper Co., 88 Iowa 169; 45 Am. St. Rep. 230, and parol testimony is no more admissible to vary the clear and settled legal meaning and effect of a contract, than it is to vary its terms; Brandon Mfg. Co. v. Morse, 48 Vt. 322.

If, therefore, parties have, in the absence of fraud, accident, or mistake, deliberately put their contract into writing, which is evidently complete in itself, and couched in such language as imports a legal obligation, it is conclusively presumed that they have introduced into the written instrument all material terms and circumstances relating thereto, and consequently all prior conversation and negotiations are deemed to be merged therein, and parol evi-

dence of conversation held between the parties, or of declarations made by either of them, whether before or after the completion of the contract, will be rejected. Note to Green v. Batson, 5 Am. St. Rep. 197; Mott v. Ritchtmyer, 57 N. Y. 49, 58; Seitz v. Brewers' Refrigerating Co., 141 U. S. 510; Cocke v. Bailey, 42 Miss. 81; Michels v. Olmstead, 14 Fed. Rep. 219; Bryan v. Hunt, 4 Sneed 543; 70 Am. Dec. 262; note to Sullivan v. Lear, 11 Am. St. Rep. 394; Hei v. Heller, 53 Wis. 415; Brown v. Russell, 105 Ind. 49; Brewster v. Potruff, 55 Mich. 129 Monographic Note, 56 Am. St. Rep. 659; Miller v. Preston, trustee, 4 N. M. 396; George v. Harris, 4 N. M. 533; 17 Cyc. 612; San Antonio, etc. Ry. Co. v. Wilson, 23 S. W. 282; Bull v. Talcott, 1 Am. Dec. 62; Blair v. Buttolph, 33 N. W. 349; Paddock v. Bartlett, 25 N. M. 906; Price & Walker v. Wood, 9 N. M. 397.

Were C. A. Sipple and other members of the committee selected at the mass meeting in behalf of the Artesia Community, agents of the college commission. Harris v. Flume Co., 87 Cal. 526; Building Co. v. Building Co., 10 Am. St. Rep. 145.

If they were agents, does the record disclose a state of facts that would constitute a defense to the action. Bingham v. Bingham, 57 Tex. 238; Enc. L. p. 637; Railway Co. v. Titterington, 19 S. W. 473; Richelieu Hotel Co. v. Inter M. E. Co., 33 A. S. R. 234; Davis v. Campbell, 61 N. W. 1053.

Should the case have gone to the jury? Bldg. Imp. Co. v. Chicago Ex. Bldg. Co., 210 Ill. 26; Irwin v. Lambard Univ. 56 Ohio St. 9; 37 Cyc. 486, note 32.

J. B. ATKESON, for Appellant in reply.

A representation that a certain intention exists, when it does not exist, is a false representation of an existing fact. Clark on Contracts, 220; Old Colony Trust Co. v. Traction Co., 89 Fed. 794; Russ Lumber & Mill Co. v. Water Co., 120 Cal. 521.

## OPINION OF THE COURT.

ROBERTS, C. J.—This action was instituted in the court below by the appellee against the appellant to recover

from the appellant the sum of $500 upon a subscription contract, given to secure the location of a Methodist college at Artesia. Issue was joined and a trial was had, and upon the conclusion of the evidence the court directed the jury to return a verdict in favor of the plaintiff, upon which verdict judgment was rendered, and from which this appeal is prosecuted.

Numerous errors are assigned by the appellant upon the action of the trial court in the admission and exclusion of evidence, as well as upon the action of the court in directing a verdict for the plaintiff; but these errors cannot be considered by this court, for the reason that no motion for a new trial was filed in the court below. The Territorial Supreme Court has held repeatedly that in jury trials a motion for a new trial must be made in the court below, and in the event this is not done the Supreme Court will not review the action of the lower court on appeal or writ of error. In the case of Schofield v. Slaughter, 9 N. M. 422, 54 Pac. 757, the Territorial Supreme Court had before it the identical question involved in this case, and the court said: "This court has repeatedly held that a motion for a new trial must be made in the court below, and, in the event this is not done, this court will not review the action of the lower court on writ of error. Rogers v. Richards, 8 N. M. 663 (47 Pac. 719); Territory v. Anderson, 4 N. M. (Gild) 228 (13 Pac. 21); Spiegelberg v. Mink, 1 N. M. 308; Sierra Co. v. Dona Ana Co., 5 N. M. 190 (21 Pac. 83); Territory v. Chavez, 9 N. M. 282 (50 Pac. 324). The cases above cited are decisive of this case as to the necessity for filing a motion for a new trial. But it is insisted by the plaintiff in error that, in a case where the court directs a verdict, it is not a jury trial, and therefore the law as above laid down applicable to trials by jury, has no application to a trial by jury where the verdict is rendered by direction of the court. We are unable to accept this view of the law." In the case of Hagin v. Collins, 15 N. M. 621, 110 Pac. 840, the Territorial Supreme Court in an opinion written by Chief Justice Pope, in discussing the necessity of a motion for a new trial, in order to have alleged errors reviewed by the

Supreme Court, said: "We have repeatedly held that errors not jurisdictional will not be considered on an appeal following a jury trial, where such were not set up in the motion for a new trial. U. S. v. Cook (15 N. M. 124) 103 Pac. 306, and cases cited. This, of course, follows from the elementary principle of procedure that the trial court should have the opportunity to correct its errors before the aid of the appellate court is sought to that end."

We are aware that some of the courts hold that a motion for new trial is unnecessary where a verdict is directed by the court; but the practice has been otherwise in New Mexico, and we can see no good reason for departing from the rule established and so long adhered to by the Territorial Supreme Court. The purpose of a motion for new trial is to call to the attention of the court of original jurisdiction its rulings, in order that it may review them, and, if need be, correct errors into which it may have fallen. During the progress of a trial the court is not always able to give deliberate and careful consideration to the many questions presented for its determination, and it is proper that the trial court should have the first opportunity to correct errors occurring upon the trial, thereby saving the litigants the expense of an appeal. The appellant, having failed to file a motion for a new trial, this court will not review the action of the lower court in directing a verdict for appellee.

There remains but one question properly before this court upon the record proper, and that is the action of the court in sustaining the demurrer to appellant's second amended answer. It appears, however, that the appellant was given leave to, and did, amend his answer, and having elected to take the benefit of this leave, and file an amended answer, he thereby abandoned the answer to which the demurrer was sustained, and waived any objection to the ruling upon the demurrer. Bremen Mining Co. v. Bremen, 13 N. M. 111, 79 Pac. 806, and authorities cited.

There being no error apparent in the record, the judgment of the lower court is affirmed.