State v. Pino, 21 N. M. 660.

---

[No. 1844, May 1, 1916.]
[Rehearing Denied May 27, 1916.]
STATE v. PINO.

SYLLABUS BY THE COURT.

1. Where a party complains of an erroneous decision of the court trying a cause, either in the exclusion or admission of evidence, he must point out in his motion for new trial, with reasonable certainty, the particular evidence admitted or excluded; otherwise, the Supreme Court will not consider the alleged error.

P. 663

2. The general rule is that one crime cannot be proved by establishing another, but to this general rule there are many exceptions. A notable exception is where the two crimes are connected.

P. 664

Appeal from District Court, Bernalillo County; M. C. Meihem, Judge.

Jose Antonio Pino was convicted of larceny, and appeals. Affirmed.

HEACOCK & CORNELL of Albuquerque, for appellant.

Court erred in refusing to strike out evidence concerning loss of two head of cattle because it was hearsay.

1 Wharton's Crim. Ev. 449, 451, 453; Crump v. Starke, 23 Ark. 131.

Prejudicial collateral facts cannot be admitted in evidence.

1 Whart. Crim. Ev. p. 56.

Evidence of other crimes is inadmissible.

Hall v. People, 6 Parker's Crim. R. 671; People v. Switzon, 23 Mich. 301. See also Beach v. State, 11 S. W. 301; Welhousen v. State, 30 Tex. App. 623, 18 S. W. 300; Nixon v. State, 31 Tex. App. 205, 20 S. W. 364; Meers v. State, 29 S. W. 1074; State v. Bokier, 14 Wash. 403, 44 Pac. 889; Com. v. Grief, (Ky.) 27 S. W. 814; State v. Flynn, 124 Mo. 480, 27 S. W. 1105; United States v. Burr, Fed. Cases No. 14694; Taylor v. State, 27 Tex. App. 463, 11 S. W. 462; Com. v. Shepard, 1 Allen, 575; Person v. Jones, 31 Cal. 565; Cargill v. Com., 13 S. W. 916; Spurlock v. Com., 20 S. W. 1095; Com. v. Campbell, 89 Mass. 541, 83 Am. Dec. 705; Com. v. Campbell, 155 Mass. 537, 30 N. E. 72.

HARRY S. BOWMAN, Assistant Attorney General, for the State.

Right to ask leading questions rests in discretion of trial court, and cause will be reversed therefor only for abuse of discretion.

Territory v. Meredith, 14 N. M. 288.

Matters not raised in motion for new trial cannot be urged in appellate court.

Territory v. Caldwell, 14 N. M. 535; Territory v. West, 14 N. M. 546; State v. Garcia, 143 Pac. 1013; State v. Gonzales, 144 Pac. 1145; Territory v. Guillen, 11 N. M. 209, 66 Pac. 527; Territory v. West, 14 N. M. 557, 99 Pac. 343; Territory v. Pettine, 16 N. M. 40, 113 Pac. 847; Thompson on Trials, vol. 1, sec. 693; State v. Holloway, 19 N. M. 528; State v. Graves (Opinion by the Court Sept. 22, 1915, and not yet reported); State v. Ogden, 151 Pac. 761.

Fact that appellant had other cattle in his possession was admissible.

State v. Graves, unreported; People v. Molineaux, 168 N. Y. 264.

Evidence of escape, flight, etc., is admissible.

1 Wigmore on Ev., sec. 276.

## OPINION OF THE COURT.

ROBERTS, C. J.—In April, 1915, the appellant was tried and convicted by a jury in the district court of Socorro county of the larceny of two head of neat cattle, the property of Ricardo Ortega, and was duly sentenced to serve a term in the state penitentiary, from which judgment this appeal is prosecuted.

The facts disclosed by the evidence introduced on behalf of the state may be briefly summarized as follows: In the latter part of August or the first of September, 1914, the prosecuting witness, Ricardo Ortega, discovered that two cows belonging to him were missing from their accustomed range. About the 3d or 4th of September, a gentleman, named Vohs, living in Bernalillo, in Sandoval county, who was a stock buyer, wrote Ortega and three or four other stockmen in the same vicinity of Socorro county, asking them to come to Bernalillo for the purpose of identifying cattle bearing their brands. The letter was written under the following circumstances: On the 3d or 4th of September the appellant, going under an assumed name, in company with two other men, drove into the town of Bernalillo 32 head of cattle bearing various brands, and offered to sell them to Mr. Vohs. He ob-

served, however, that several different brands were represented in the herd, and told appellant that he would purchase them at the agreed price of $800, but that it would be necessary for appellant to meet him in Albuquerque later in the day, where he would pay him after arrangements had been made at the bank for the money. Mr. Vohs went to Albuquerque and visited the cattle sanitary board's office and compared a memorandum which he had made of the brands upon the cattle with the official record, and ascertained the names of the owners of these brands. Thereafter he found appellant and called his attention to the fact that there were several different brands represented in the herd, and asked him to produce a bill of sale for these cattle before payment was made. Later appellant returned to Bernalillo and demanded payment without producing the bills of sale, and finally asked for an advancement of $25 on the cattle. Mr. Vohs refused to pay him anything, and immediately wrote to all the owners of the brands, asking them to come to Bernalillo and inspect the cattle. In a day or two the several owners appeared in Bernalillo, and claimed their respective cattle, and drove them home. Practically all the cattle in the herd were shown by the evidence to have been ranging in the same vicinity in Socorro county, and, while there was no direct evidence of the fact, the circumstances tend to show that all the cattle were stolen at one time, and that the theft of the entire herd of 32 was but one transaction.

[1] Appellant has assigned some 28 grounds of error. These assignments may be divided, for the purpose of discussion, into three groups. Assignments Nos. 1 to 6, inclusive, 17 to 24, inclusive, and 28 challenge the correctness of the rulings of the trial court in permitting certain evidence to be introduced by the state in its case in chief. No one of the questions attempted to be raised by any of these assignments is set out in the motion for a new trial. Hence under a well-established rule of this court these questions cannot be considered here. In the case of United States v. Cook, 15 N. M. 124, 103 Pac. 305, Mr. Chief Justice Mills, of the Territorial Supreme Court, stated the rule in this regard as follows:

"The court has often held that no alleged errors, unless they are jurisdictional, will be considered, except those which are set out in the motion for a new trial."

This was but a restatement of the rule laid down in former decisions of the territorial Supreme Court, and has been unformly adhered to by the territorial and state Supreme Court. See Bank of Commerce v. Western Union Telegraph Co., 19 N. M. 211, 142 Pac. 156, L. R. A. 1915A, 120; James v. Hood, 19 N. M. 234, 142 Pac. 162; State v. Ellison, 19 N. M. 428, 144 Pac. 10; State v. Holloway, 19 N. M. 528, 146 Pac. 1066, L. R. A. 1915F, 922.

It is contended by appellant that these alleged errors were saved to him by reason of a specification contained in his motion for a new trial as follows:

"The court erred in admitting incompetent and irrelevant testimony on the part of the state, over objection."

This was clearly insufficient, however, to call the court's attention to the alleged error. In 2 Thompson on Trials, § 2756, it is said, in speaking of a motion for a new trial:

"Where the motion is made on the ground that errors were committed by the court in admitting improper evidence, or in excluding proper evidence, it must clearly designate or specify with reasonable certainty, such evidence. * * * * Assignments 'that the court erred in admitting and excluding evidence,' or that the 'court erred in excluding material and competent evidence offered by defendant,' or that 'the court erred in refusing to admit legal testimony offered by plaintiff,' point to nothing, and are too indefinite."

Wade's New Mexico Appellate Procedure, § 114, states the rule as follows:

"Where a party complains of an erroneous decision of the court trying the cause, either in the exclusion or admission of evidence, he must point out in his motion for new trial, th reasonable certainty, the particular evidence adimtted or excluded; otherwise the Supreme Court will not consider the error on appeal or error."

. **[2]**   Assignments of errors Nos. 7 to 17 challenge the action of the trial court in permitting the state, over objection, to prove the ownership and larceny of the other .

cattle, composing the herd, which appellant drove into Bernalillo; it being his contention that such evidence was offered solely for the purpose of proving that he had committed other crimes, and that such evidence was highly prejudicial to him. It is undeniably true, and the rule is elementary, that it is improper on the trial of a defendant for a crime to prove that he has committed other crimes having no connection with the one under investigation. Jones on Evidence, par. 143. But the proof received in this connection does not fall within this rule; for, as heretofore stated, the facts and circumstances in evidence tend to show that the larceny of the 32 head of cattle was but one single transaction, or at least justifies such inference. The cattle were all ranging in the same locality in Socorro county, were all jaded and tired when driven into Bernalillo, and it was about a four days' drive with cattle from the place where stolen to Bernalillo, and many of the cattle had been seen by the owners five or six days before they were found in Bernalillo. The proof was very material for the state, because it tended to establish guilt, in so far as the two head of cattle were concerned, for the larceny of which appellant was being tried. In the case of Webb v. State, 8 Tex. App. 115, the court said:

"The rule where one accused of crime is found in possession of the fruits of the crime, as evidence conducing to establish his guilt, seems to be as follows: The force and value of such testimony will depend on several considerations. If the fact of possession stands alone, wholly unconnected with any other circumstances, its value or persuasive power, it is said, is very slight, and, agreeably to Mr. Greenleaf, it will be necessary for the prosecution to add the proof of other circumstances indicative of guilt in order to make the naked possession of the thing available towards a conviction. 3 Greenl. on Evid. § 31. Various examples are given in the books of such circumstances naturally calculated to awaken suspicion and to corroborate the inference of guilt arising from the fact of possession, and among them is the fact that he was possessed of other stolen property. See the section from 3 Greenleaf cited above. The fact that such proof would be admissible for the purpose of corroborating the fact of possession of the property, averred to have been stolen, would apply if the other stolen property was found in the possession of the alleged thief at the time he is found in the possession of the property he is accused of stealing."

This states the well-recognized exception to the rule contended for by appellant, and justified the admission of the evidence in question. Many similar cases will be found cited and quoted from at length in 1 Wharton's Criminal Evidence (10th ed.) p. 128. In the case of Turner v. State, 102 Ind. 425, 1 N. E. 869, Judge Elliott, speaking for the court said:

"The general rule is that one crime cannot be proved by establishing another, but to this general rule there are many exceptions. A notable exception is where the two crimes are connected."

—and this is the case here. But if it be conceded that the facts in evidence were not sufficient to establish that all the cattle were stolen at the same time, yet as the stolen property was all found in possession of the defendant, the possession of the other stolen property would be a circumstance serving to corroborate the inference of guilty possession of the two cows, which he was charged with stealing. State v. Moore, 101 Mo. 316, 14 S. W. 182. The court properly permitted this evidence to go to the jury.

Assignments of error Nos. 26 and 27 are not discussed by appellant; hence will not be considered by the court.

Finding no error in the record, the judgment of the lower court will be affirmed; and it is so ordered.

HANNA and PARKER, J.J., concur.

### SYLLABUS BY THE COURT.