[No. 2154, July 15, 1918.]
STATE v. SMITH.

### SYLLABUS BY THE COURT.

1. Appeals are heard upon the record and by the record determined, and the appellate court will not receive evidence to supply omissions therein; hence, where the record fails to show that a defendant in the court below had exhausted his challenges to jurors, such fact cannot be shown

by evidence in the form of affidavits filed in the appellate court.                                                        P. 407

2.   A bill of exceptions is construed most strongly against the appellant.                                              P. 407

3.   Where a challenge for cause to a juror is improperly sustained, the error will be regarded as immaterial and without prejudice if the objecting party did not challenge the juror peremptorily and his peremptory challenges were not exhausted. This upon the theory that a party must use all available means to exclude all objectionable jurors, and that a failure to do so constitutes a waiver.            P. 407

4.   Where a defendant is on trial, on a charge of murdering a sheriff who attempted to rearrest him upon his escape from jail, where he was being held under a commitment, awaiting trial on a felony charge, such commitment and jail records are competent evidence and are admissible for the purpose of showing that he was being legally confined, thus justifying the sheriff in pursuing and recapturing him, and also for the purpose of showing the motive which actuated such a defendant slaying the officer.      P. 408

5.   Where there is no evidence warranting a verdict of manslaughter, in a prosecution for murder, the court should not instruct on the law of manslaughter.                 P. 409

6.   Errors in instructions, unless the same have been called to the attention of the trial court and correction sought before the instructions are given to the jury, will not be considered on appeal.                             P. 410

Appeal from District Court, Dona Ana County; Medler, Judge.

A. B. Smith, alias Dashley, was convicted of murder in the first degree, and, from the judgment on the verdict, he appeals. Affirmed.

McFIE, EDWARDS & McFIE, of Santa Fe, for appellant.

H. L. PATTON, Attorney General, and MILTON J. HELMICK, Assistant Attorney General, for the State.

OPINION OF THE COURT.

ROBERTS, J. Appellant Smith was convicted in the district court of Dona Ana county of murder in the first degree. From the judgment pronounced upon the verdict, he appeals.

The facts out of which the homicide occurred are fully stated in the opinion by this court in the case of State of New Mexico v. Starr, 24 N. M. 180, 173 Pac. 674, not yet officially reported, and need not be repeated here. It is sufficient to say that Smith, alias Dashley, was one of the parties who escaped with Starr from the Luna county jail; that he was with the escaping party when Stephens, the sheriff, was shot and killed; that appellant was armed; that he escaped after Sheriff Stephens was killed and was not apprehended for some months. Appellant was placed upon trial under an indictment containing three counts, but was only convicted on the second count, which charged him with being a principal in the second degree to the murder of Dwight Stephens. Before the case was submitted to the jury, the state dismissed the first count; only the second and third being submitted to the jury.

[1-3] The first point urged is that the court erred in refusing to sustain the challenge for cause interposed to three of the jurors selected to try the case. The bill of exceptions included in the transcript fails to show that defendant exhausted any of his peremptory challenges. This omission in the bill of exceptions is attempted to be supplied by affidavits filed in this court showing that appellant did in fact exhaust all his challenges, hence that he was prejudiced by the overruling of his challenge for cause. This fact, however, cannot be made to appear in this court in such manner. As stated in Elliott's Appellate Procedure, § 186:

"The transcript is the source from which appellate tribunals obtain their knowledge of the facts involved in the controversy between the parties before them, as well as the source from which they derive their knowledge of the questions upon which it is their duty to pronounce judgment. * * * The courts have again and again adjudged that

appeals are heard upon the record and by the record determined."

It is universally held that the duty devolves upon the appellant to bring to the higher court a perfect record, and that, in determining the merits of an appeal, the appellate court will look alone to the record and will not receive evidence to supply omissions therein. Again, it is the rule that a bill of exceptions is construed most strongly against appellant. 4 C. J. 244. The weight of authority is to the effect that, when a challenge for cause to a juror is improperly overruled, the error will be regarded as immaterial and without prejudice if the objecting party did not challenge the juror peremptorily and his peremptory challenges were not exhausted; this upon the theory that a party must use all available means to exclude all objectionable jurors, and that a failure to do so constituted a waiver of his objection. 24 Cyc. 323, 324. We agree with the majority rule. This being true, it is our duty to assume that appellant was not harmed by the failure to sustain his challenge for cause.

It further appears from the bill of exceptions that only a portion of the evidence given by the jurors upon their examination is included. Other questions asked of them by court or counsel may have fully shown their qualifications to sit in the present case.

[4] The third point urged is that the court committed error in permitting the state to put in evidence the commitments under which the appellant and those jointly indicted with him were arrested and placed in the county jail of Luna county, and also that error was committed in permitting the state to put in evidence the jail records of such county, showing the fact that the defendant and the others named were incarcerated in such county jail at the time and prior to their escape therefrom. The objection urged to this evidence is that it tended to show that the parties had committed a crime other than that for which they were being tried, and that proof of such other independent crime

was prejudicial to them. Appellant contends that under the rule laid down in the case of State v. Starr, supra, not yet officially reported, the evidence here in question was clearly improper because the court in its twenty-fourth instruction told the jury that such commitments and jail records were admitted in evidence for the purpose of showing, if they did show, the legality of the detention and incarceration of the prisoners named in such commitments, in the Luna county jail. This evidence was clearly admissible upon several distinct grounds. It was properly received, as stated by the court, for the purpose of showing that the parties who broke jail, and subsequently killed the sheriff who pursued them, were legally incarcerated therein. If such was the fact, the sheriff had the right to pursue and recapture them, and, if they resisted arrest with knowledge of the purpose of the sheriff and his deputies and slew the sheriff for the purpose of evading recapture, they would be guilty of murder in the first degree. An escaped prisoner who is either convicted or held for trial under a warrant, fair on its face, who shoots an officer attempting to recapture him, is guilty of murder. The status of the defendant would have been quite different had he and his co-conspirators been illegally held as prisoners in the Luna county jail. It was proper for the state to show that they were legally confined in the jail, and for this purpose the commitments were proper evidence. Such evidence was also admissible for the purpose of showing motive on the part of the defendant and his co-conspirators in slaying the officer attempting to arrest them. The fact that they were in prison awaiting trial on felony charges furnished a strong motive for their slaying of the officer who was attempting to rearrest them and hold them for trial.

[5] It is next complained that the court committed error in not instructing the jury upon the law of manslaughter as requested by the appellant. There is no merit in this contention. The proof did not warrant

the giving of the instruction upon the subject of manslaughter. The defendant was either guilty of murder, or he was entitled to acquittal. Where there is no evidence warranting the giving of an instruction on the subject of manslaughter, a request to charge the jury on the law of manslaughter is properly refused. Territory v. Archuleta, 16 N. M. 219, 114 Pac. 285; Territory v. Hendricks, 13 N. M. 300, 84 Pac. 523; Territory v. Clark, 15 N. M. 35, 99 Pac. 697.

[6] The fifth point urged is that the court erred in its eighteenth and nineteenth instructions to the jury, in that such instructions assumed that the deceased, Stephens, had been killed by Starr. The court in a prior instruction had clearly told the jury that this was one of the facts which they must determine; but aside from this the appellant failed, in the court below, to call to the attention of the court any vice or infirmity in the instructions in question—did not object to the giving of the same or except thereto, and give the trial court an opportunity to correct the same. Errors in instructions, unless the same have been called to the attention of the trial court, and correction sought before the instructions are given to the jury, will not be considered on appeal. Territory v. Harwood, 15 N. M. 424, 110 Pac. 556, 29 L. R. A. (N. S.) 504; United States v. Cook, 15 N. M. 124, 103 Pac. 305; State v. Gonzales, 19 N. M. 467, 144 Pac. 1144; State v. McKnight, 21 N. M. 14, 153 Pac. 76. For this reason there is no question here for review.

The same thing is true as to the objections urged to the eleventh instruction given by the court of its own motion.

Other grounds of error were assigned, but they are either disposed of by the opinion in the case of State v. Starr, supra, or clearly without merit and require no discussion.

For these reasons the judgment of the district court will be affirmed, and it is so ordered.

HANNA, C. J., and PARKER, J., concur.