[No. 2541.   June 25, 1921.]

TIMM et al. v. WHITE et al.
WHITE v. TIMM et al.

### SYLLABUS BY THE COURT.

Where the record fails to show notice to settle and sign the bill of exceptions, it will be stricken.

Appeal from District Court, De Baca County; Brice, Judge.

Suit by H. F. Timm and another against John F. White and other. From the judgment, plaintiff and the defendant named appeal. Transcript by stipulation to be used in both appeals. On motion to strike bill of exceptions of appellee. Bill stricken.

See, also, 27 N. M. 103, 196 Pac. 173.

F. Faircloth, of Santa Rosa, and H. N. Nuzum and C. F. Fishback, both of Ft. Sumner, for appellants.

R. E. Rowells and Patton & Hatch, all of Clovis, for appellees.

## OPINION OF THE COURT.

ROBERTS, C. J.   Timm and wife made an oil lease to John F. White. White transferred the lease to Earickson, Awalt, and Glenn, or to one of them, and it was subsequently transferred to the others by such assignee. Timm and wife brought suit against White to set aside the lease on the ground that it was procured by fraud, and the subsequent assignees were made parties defendant. Upon issue joined the court held that the lease was procured by fraud, and gave judgment against White for $500 damages, but refused to set aside the lease as to the subsequent assignees, Earickson, Awalt, and Glenn, because they were found to be innocent purchasers for value. From the judgment against White he appealed, making Timm and wife appellees. Timm and wife appealed from the judgment, refusing to cancel the lease as to Eariskson, Awalt, and Glenn. Transcript has been filed in this court which, by stipulation, is to be used in both appeals. Appellees Earickson, Awalt, and Glenn have filed a motion to strike out the bill of exceptions in the transcript as to them, because they had no notice of the settling and signing of the same.

Section 27, c. 43, Laws 1917, requires five days' notice to the opposite party of the intended application to the judge of the court in which said cause was tried, to sign and settle the bill of exceptions. In the case of Palmer v. Allen, 18 N. M. 237, 135 Pac. 1173, this court held that a bill of exceptions will be stricken from the transcript on appeal upon motion therefor when no notice has been given the adverse party of the time and place of its proposed settlement and signing, as required by section 26, c. 57, Laws 1907, which is in the same language as the present statute on the subject. In that case it was stated that, in addition to the fact that the record failed to show notice, appellee had filed an affidavit showing that no notice was in fact given. But this affidavit was wholly immaterial, as it is incumbent upon the appellant or plaintiff in error to show by the transcript the giving of such notice. It would lead to needless controversy in this court if affidavits were to be received or other proof offered to establish the fact as to whether notice was or was not given. The record should affirmatively show notice or waiver of notice, or the appearance of the appellee at the settlement and signing of the bill of exceptions. In the case of State v. Smith, 24 N. M. 405, 174 Pac. 740, we held that appeals are heard upon the record and by the record determined, and that the appellate court would not receive evidence to supply omissions therein, and that the court would not receive affidavits to show that a defendant in the court below had exhausted his challenges to jurors. The same principle should apply as to the giving of notice to settle and sign the bill of exceptions.

The record failing to show notice, the bill of exceptions as to appellees Earickson, Awalt, and Glenn will be stricken; and it is so ordered.

RAYNOLDS and PARKER, JJ., concur.