(No. 2736., Feb. 6, 1923.)

STATE v. SNYDER.

SYLLABUS BY THE COURT

(1) Evidence of other crimes committed by the accused is not admissible, unless it tends to establish motive, intent, absence of mistake or accident, a common scheme or plan, or the identity of the person on trial.                    P. 389

State v. Snyder, 28 N. M. 388

(2) Section 3, chapter 69, Laws 1921, construed, and held that proof of a prior conviction should be limited and restricted to a conviction previously had under the provisions of that act.                P. 389

Appeal from District Court, Colfax County; Lieb, Judge.

Pearl Snyder was convicted of violations of the law for the repression of prostitution, and she appeals. Reversed and remanded.

Ward, Asken & Hedgcock, of East Las Vagas, and Voorhees & Voorhees, of Raton, for appellant.

H. S. Bowman, Atty. Gen., and A. M. Edwards, Asst. Atty. Gen., for the State.

### OPINION OF THE COURT

BRATTON, J. The indictment in this cause contained 12 counts, and charged appellant with violations of chapter 69, Laws 1921. Counts numbered 2, 6, and 10 thereof were, upon request of the district attorney, stricken. Separate verdicts were returned by the jury finding her guilty as charged in the first, fourth, fifth, seventh, eighth, ninth, eleventh and twelfth counts. Her motion for a new trial having been overruled, appellant was sentenced to serve a term in the penitentiary of not less than 1 1-2, nor more than 2 years upon each of the counts upon which she had been convicted, with the further provision that such terms should run concurrently.

[1, 2] Appellant assigns as error the action of the court in admitting over her objection, and as a part of the state's case in chief, an original judgment which was entered on December 24, 1917, whereby appellant was convicted of the crime of setting up and keeping a house of prostitution. This judgment was imposed and sentence passed long prior to the enactment of chapter 69, Laws 1921, referred to. The general rule, which has been many times announced by this court, is that in the trial of a criminal case, proof of other

crimes which are separate and distinct from and form
no concomitant part of the crime charged, even though
of a similar character, is inadmissible.    There   are,
however, certain commonly called exceptions to this
rule.  These are not in reality exceptions to the rule,
but are a part of the rule itself.  They are that, where
the proof of other crimes tends to establish on the part
f the accused motive, intent, absence of mistake or
accident, a common scheme or plan, or the identity of
the person charged with the crime, it becomes and is
admissible.  State v. Graves, 21 N. M. 556, 157 Pac. 160;
State v. Pino, 21 N. M. 660, 158 Pac. 131; State v. Starr,
24 N. M. 180, 173 Pac. 674; State v. Alford, 26 N. M.
1, 187 Pac. 720; State v. Bassett, 26 N. M. 476, 194 Pac.
867; State v. Lazarovich, 27 N. M. 282, 200 Pac 422.
The facts in the case of State v. Alford, supra, were
that the defendant was charged with the unlawful sale
of intoxicating liquors upon a given date, and the state
proved that he had made other sales to the same per-
son.  This was held to be improper, but that the de-
fendant could not avail himself of such error because
no objection thereto had been seasonably or timely
made.  In State v. Bassett, supra, the defendant was
charged with murder by committing an abortion.  He
admitted that he had aborted the woman, but sought
to justify the act by asserting that the fetus was dead,
and that it was necessary, in order to save the woman's
life, to remove such fetus with instruments in the man-
ner adopted by him.  The state was then permitted to
prove that some months thereafter the defendant com-
mitted another abortion upon the same woman.  This
was held to be reversible error.  The court said.

" We hesitate to depart from what appears to be the cur-
rent of authority upon the subject, but we cannot but be con-
vinced that there is an entire lack of relevancy of the proof
offered of the second abortion in this case.  It did not tend
to prove that the women was aborted on the first occasion
unnecessarily and when it amounted to the murder of a
human being.  As the conclusion reached on this point is
exactly opposite from what we held in the original opinion,
that opinion will be withdrawn from the files.  For the reas-

ons stated, we hold that the evidence of the second abortion was inadmissible and should be excluded upon any future trial."

The evidence complained of here did not come within any of the mentioned exceptions. Appellee contends that such evidence was admissible under the provisions of section 3 of the act above referred to, which is in the following language:

"That in the trial of any person charged with a violation of any of the provisions of section 1 of this act, testimony of a prior conviction, or testimony concerning the reputation of any place, structure, or building, and of the person or persons who reside in or frequent the same (and) of the defendant shall be admissable in evidence in support of the charge."

We are unable to agree with this contention, as it is obvious that the use of the term "prior conviction" as there used refers to and means a former conviction under the provisions of such act. To otherwise construe the language would result in holding that proof of a conviction for any crime, had before the trial of the case at bar, would be admissible. This would result in making a conviction of embezzlement, larceny, murder, or any other crime admissible, which would be nothing less than absurd. We are clearly of the opinion that the language used means and refers to convictions previously obtained under the provisions of that act.

Other errors are assigned, but, as they relate to matters which may not occur on a subsequent trial, we shall not discuss them.

For the seasons stated, the judgment is reversed, and the cause remanded for a new trial; and it is so ordered.

PARKER, C. J., and BOTTS, J., concur.